151 P.3d 553

### In re JERRY C.

### No. 1 CA–JV 06–0104.

Court of Appeals of Arizona, Division 1, Department A.

Jan. 25, 2007.

---

Phillips & Associates, P.C. By Alan R. Hock, Phoenix, Attorneys for Juvenile.

Matthew J. Smith, Mohave County Attorney By Jason R. Mullis, Deputy County Attorney, Kingman, Attorneys for Appellee.

## OPINION

KESSLER, Judge.

¶ 1 Jerry C. ("Jerry") appeals the juvenile court's adjudication finding him delinquent on three counts of molestation of a child in violation of Arizona Revised Statutes ("A.R.S.") section 13–1410 (2001). He contends the juvenile court erred in classifying child molestation as a lesser included offense of sexual conduct with a minor. A.R.S. section 13–1405 (2001). We affirm the juvenile court's adjudication and hold that child molestation is a lesser included offense of sexual conduct with a minor in this case under the "charging documents" test.

## FACTUAL AND PROCEDURAL HISTORY

¶2 The State alleged Jerry engaged in sexual activity with three siblings, C, K, and M. Jerry was charged with molestation of a child, in violation of A.R.S. section 13–1410 (Count I) and sexual conduct with a minor in violation of A.R.S. section 13–1405 (Count II) for acts engaged in with C. He was charged with two additional counts of sexual conduct with a minor for acts engaged in with K and M (Counts III and IV respectively), and one count of criminal damage (Count V). Jerry denied the allegations and the matter was set for an adjudicatory hearing.

¶3 During the adjudication, Jerry moved for a judgment of acquittal as to the molestation and sexual conduct charges related to C (Counts I and II), the charge of sexual conduct with K (Count III), and the criminal damage charge (Count V). The State had no objection to an acquittal on the criminal damage charge and it was dismissed. As to Count III, the court ruled that the evidence presented did not "fit" a charge of sexual conduct with a minor, but the evidence was sufficient for a molestation charge, a lesser included offense of sexual conduct with a minor. Jerry argued that molestation was not a lesser included offense of sexual conduct with a minor. He also argued that Arizona law required that a defendant be put on notice of pending charges and he did not have notice of any additional charge of molestation. The court held the elements of A.R.S. sections 13–1405 and –1410 were the same excluding the word "oral" and that Jerry was on notice that molestation of a child was a lesser included offense of sexual conduct with a minor. The court denied Jerry's motion for a judgment of acquittal as to the molestation charge for acts involving C (Count I) and the charge of sexual conduct with C (Count II). The court granted the motion as to sexual conduct with K (Count

III), but allowed the State to proceed with molestation as a lesser included offense of sexual conduct with a minor as to K.

¶4 The court found Jerry delinquent of molestation of C (Count I), but held the State did not meet its burden of proof on the charge of sexual conduct as it related to C (Count II). The court reiterated that the charge relating to K (Count III) was no longer sexual conduct, but molestation, for which the court found the State had met its burden of proof, and adjudicated Jerry delinquent of the charge of molestation. The court also adjudicated Jerry delinquent for molestation, a lesser included offense relating to M (Count IV).[1] At the disposition hearing Jerry was placed on intensive probation, which included sex offender management terms and conditions, and registration as a sex offender until he was twenty-five. Jerry timely appealed. We have jurisdiction of this appeal pursuant to Article 6, Section 9, Arizona Constitution, A.R.S. sections 12–120.21 (2003), 13–4031, –4033 (2001), and Arizona Rule of Procedure for the Juvenile Court 88.

## ANALYSIS

■ ¶5 Jerry argues that his adjudication in Counts III and IV must be reversed because molestation is not a lesser included offense of sexual conduct with a child. Jerry further argues that the juvenile court committed fundamental error because he did not have notice of any additional charges of molestation.

■ ¶6 Questions of statutory interpretation are reviewed de novo. *State v. Gomez*, 212 Ariz. 55, 56, ¶3, 127 P.3d 873, 874 (2006). We will, however, affirm the trial court if its decision is correct for any reason. *State v. Rojas*, 177 Ariz. 454, 460, 868 P.2d 1037, 1043 (App.1993).

---

1. The minute entry verifies the court's intention that the lesser included charge of molestation applied to charges related to Jerry's conduct with K (Count III) as well as M (Count IV). The later disposition contains a typographical error, holding that the court found Jerry delinquent of the lesser included offense in Count II. This is not supported by the record. The court found Jerry delinquent of molestation as to C (Count I) and

the lesser included offense of molestation as to K (Count III) and M (Count IV). To clarify this discrepancy, we modify the judgment to comport with the juvenile court's findings. A.R.S. § 12–2103 (2003); *see Dolph v. Cortez*, 8 Ariz.App. 429, 430, 446 P.2d 939, 940 (1968) (where no further proceedings are required in lower court, reviewing court has power to modify judgment).

¶ 7 The first issue is whether molestation of a child is a lesser included offense of sexual conduct with a minor. There are two tests used to determine lesser included offenses: the "elements" test and the "charging documents" test. We hold molestation, in this case, is a lesser included offense of sexual conduct with a minor only under the "charging documents" test.

¶ 8 Under the "elements" test, we must determine whether the purported lesser included offense is, by its nature, *always* a constituent part of the greater offense. *State v. Siddle*, 202 Ariz. 512, 516, ¶ 10, 47 P.3d 1150, 1154 (App.2002) (quoting *State v. Chabolla–Hinojosa*, 192 Ariz. 360, 363, ¶ 12, 965 P.2d 94, 97 (App.1998)). "And, conversely, it must also be shown that the lesser cannot be committed without always satisfying the corresponding elements of the greater." *State v. Brown*, 204 Ariz. 405, 410, ¶ 21, 64 P.3d 847, 852 (App.2003) (quoting *In re Victoria K.*, 198 Ariz. 527, 531, ¶ 17, 11 P.3d 1066, 1070 (App.2000)) (internal quotations omitted). In applying the "elements" test, we focus on the elements of each provision without regard to the particular facts of the case before us. *Siddle*, 202 Ariz. at 516, ¶ 10, 47 P.3d at 1154 (quoting *State v. Cook*, 185 Ariz. 358, 361, 916 P.2d 1074, 1077 (App. 1995)).

¶ 9 The elements of our focus are provided in A.R.S. sections 13–1405, –1410, and –1401. Arizona Revised Statutes section 13–1405(A) provides: "[a] person commits sexual conduct with a minor by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person who is under eighteen years of age." Section 13–1410(A) provides: "[a] person commits molestation of a child by intentionally or knowingly engaging in or causing a person to engage in sexual contact, except sexual contact with the female breast, with a child under fifteen years of age." Section 13–1401(1)–(3) provides pertinent definitions:

1. "Oral sexual contact" means oral contact with the penis, vulva or anus. 2. "Sexual contact" means any direct or indirect touching, fondling or manipulating of any part of the genitals, anus or female breast by any part of the body or by any object or causing a person to engage in such contact. 3. "Sexual intercourse" means penetration into the penis, vulva or anus by any part of the body or by any object or masturbatory contact with the penis or vulva.

¶ 10 Comparing the above statutes, we find the mens rea of A.R.S. sections 13–1405 and –1410 is the same. Similarly, one could not commit sexual conduct by having intercourse (which requires penetration or masturbatory conduct) without also committing molestation (which requires touching the victim's genitalia). Molestation, however, cannot be a lesser included offense of sexual conduct with a minor under the "elements" test because of the different age requirements of a victim. Pursuant to A.R.S. section 13–1405 sexual conduct can be "with any person who is under eighteen years of age." In contrast, A.R.S. section 13–1410 provides molestation can be "with a child under fifteen years of age." Thus, one can commit sexual conduct with a minor by having intercourse with a seventeen-year-old without committing molestation of a child.[2] Accordingly, molestation is not a lesser included offense of sexual conduct with a minor under the "elements" test.[3]

¶ 11 Under the "charging documents" test "the offense is also lesser included when the charging document describes the lesser

---

**2.** The State argues that the age limit of A.R.S. section 13–1405 is with any child under the age of fifteen pursuant to section 13–1405(B). We disagree. Section 13–1405(B) classifies punishment for sexual conduct with a minor and is not part of the elements of section 13–1405(A).

**3.** Jerry cites *State v. Superior Court*, 154 Ariz. 624, 627–28, 744 P.2d 725, 728–29 (App.1987), *disapproved on other grounds by State v. Getz*, 189 Ariz. 561, 944 P.2d 503 (1997), arguing that because the court held that sexual assault and sexual conduct with a minor are separate offenses which must be charged separately, that is analogous to his argument that molestation is not a lesser included offense of sexual conduct. We agree that molestation is not a lesser included offense of sexual conduct under the "elements" test. In *Superior Court*, however, the court compared the elements of sexual conduct with a minor and sexual assault; here, we compare sexual conduct with a minor to molestation of a child which has different elements.

offense even though the lesser offense would not always form a constituent part of the greater offense." *Brown*, 204 Ariz. at 410, ¶ 21, 64 P.3d at 852 (citing *State v. Ennis*, 142 Ariz. 311, 314, 689 P.2d 570, 573 (App. 1984)) (internal quotations omitted). "In other words, a court may inquire as to whether the greater offense, as described by a statute or as charged, can be committed without necessarily committing the lesser offense. Once the determination is made that the offense is a lesser-included offense, the court must then consider whether the evidence supports the requested instruction." *Ennis*, 142 Ariz. at 314, 689 P.2d at 573. "In cases holding that lesser offenses were described by a charging document, courts have focused on language that explicitly alleged the defendant's conduct or mental state." *State v. Garcia*, 176 Ariz. 231, 233, 860 P.2d 498, 500 (App.1993).

¶ 12 The charging document states:

COUNT III: SEXUAL CONDUCT WITH A MINOR, CLASS 2 FELONY

On or about the 14th day of July, 2004, in the [jurisdiction of this court], said juvenile, [Jerry C.], intentionally or knowingly engaged in sexual intercourse or oral sexual contact with [K], *a child who is under the age of fifteen years of age*, all in violation of A.R.S. §§ 13–1405, 13–1401, 13–604.01, a Class 2 felony.

(emphasis added). The charging document alleges the same conduct as to M (Count IV).

¶ 13 Here, we focus on the language of the charging document that alleges Jerry's conduct. *Garcia*, 176 Ariz. at 233, 860 P.2d at 500. What is relevant is the language "oral sexual contact" and "under the age of fifteen...." Pursuant to A.R.S. section 13–1410(A), the victim being under fifteen is an element of molestation, as is oral sexual contact (as defined by A.R.S. section 13–1401(1)–(2)). The charging document, therefore, describes the lesser included offense of molestation. Accordingly, molestation of a child, in this case, is a lesser included offense of sexual conduct with a minor because the charging document sufficiently describes the lesser included charge. *In re Isaac G.*, 189 Ariz. 634, 637, 944 P.2d 1248, 1251 (1997).

¶ 14 Jerry also argues that the juvenile court committed fundamental error because he did not have notice of any additional charges of molestation. We disagree.

¶ 15 When the juvenile court amends the petition alleging acts of delinquency on the part of the juvenile, the court should permit the parties sufficient time to address the allegations of the amended charges. *In re Appeal in Maricopa County, Juvenile Action No. J–75755*, 111 Ariz. 103, 106, 523 P.2d 1304, 1307 (1974). As outlined above the molestation charges were lesser included offenses of sexual conduct with a minor as sufficiently described in the charging document notifying Jerry of the charges pending against him. Accordingly, there is no error.

### CONCLUSION

¶ 16 We affirm the juvenile court's judgment. We hold that the charging document sufficiently described the lesser included charge of molestation of a minor.

CONCURRING: G. MURRAY SNOW, Presiding Judge and DANIEL A. BARKER, Judge.

