214 P.3d 429

**STATE of Arizona, Appellee/Cross–Appellant,**

**v.**

**Bryan Joseph LARSON, Appellant/Cross–Appellee.**

**Nos. 1 CA–CR 07–0797, 1 CA–CR 07–0798.**

Court of Appeals of Arizona, Division 1, Department C.

Aug. 13, 2009.

Terry Goddard, Attorney General by Kent E. Cattani, Chief Counsel, Criminal Appeals/Capital Litigation Section, Phoenix, and Laura P. Chiasson, Assistant Attorney General, Tucson, Attorneys for Appellee.

Debus Kazan & Westerhausen LTD by Tracey Westerhausen, Phoenix, Attorneys for Appellant.

## OPINION

PORTLEY, Judge.

¶ 1 We are asked to decide whether sexual conduct with a minor, Arizona Revised Statutes ("A.R.S.") section 13–1405 (2001), is a lesser-included offense of continuous sexual abuse of a child, A.R.S. § 13–1417 (2001). For the following reasons, we find that it is not.

### I

¶ 2 Bryan Joseph Larson ("Larson") was sexually involved with thirteen-year-old T.T. from early 2006 until June 2006. He also invited twelve-year-old H.L. to his house on May 27, 2006, to watch him have sex with T.T. He was subsequently indicted in CR 2006–01137 for sexual conduct with a minor, a class 2 felony, sexual abuse of a minor, a class 3 felony, and luring a minor for sexual exploitation, a class 3 felony, all for an incident involving T.T. in February 2006. The indictment also charged him with continuous sexual abuse of a child, a class 2 felony, for acts which occurred during March, April, and May 2006. For the incident involving H.L., he was indicted and charged in CR 2006–00745 with luring a minor for sexual exploitation, a class 3 felony, and public sexual indecency to a minor, a class 5 felony.

¶ 3 The cases were consolidated for trial. The jury convicted Larson of public sexual

indecency to a minor (H.L.), but found him not guilty of luring H.L. and T.T. for sexual exploitation, and not guilty of engaging in sexual conduct with T.T. in February 2006.[1] The jury also found him not guilty of continuous sexual abuse of T.T. but found him guilty of sexual conduct with a minor as a lesser-included offense.

¶4 Larson was sentenced to concurrent prison terms of one and one-half years on the conviction for public sexual indecency and twenty years on the conviction for sexual conduct with a minor. He timely appealed, and the State filed a cross-appeal. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12–120.21(A)(1) (2003), 13–4031 (2001), – 4032(5) and –4033(A)(1) (Supp.2008).

## II

¶5 Larson contends that sexual conduct with a minor is not a lesser-included offense of continuous sexual abuse of a child, and, as a result, his conviction should be overturned. We review de novo whether one offense is a lesser-included of another. *State v. Cheramie*, 218 Ariz. 447, 447–48, ¶¶ 1, 8, 189 P.3d 374, 374–75 (2008).

 ¶6 A conviction on an uncharged offense violates the United States Constitution's Sixth Amendment right to notice and Arizona's "constitutional guarantees that an accused stand trial with clear notice of the crime with which he is charged." *State v. Martin*, 139 Ariz. 466, 471, 679 P.2d 489, 494 (1984); *accord De Jonge v. Oregon*, 299 U.S. 353, 362, 57 S.Ct. 255, 81 L.Ed. 278 (1937) ("Conviction upon a charge not made would be sheer denial of due process."); *State v. Sanders*, 205 Ariz. 208, 214, ¶ 20, 68 P.3d 434, 440 (App.2003) (an amendment to the indictment that changes the nature of the offense violates the Sixth Amendment). Thus, "[a]n accused may be convicted of an offense different from that [with] which he was charged only if it is included in the offense charged." *State v. Foster*, 191 Ariz. 355, 357, ¶ 6, 955 P.2d 993, 995 (App.1998) (quoting *State v. Sanders*, 115 Ariz. 289, 290, 564 P.2d 1256,

1257 (App.1977)); *see also* Ariz. R.Crim. P. 13.2(c) (stating specification of offense in indictment constitutes charge of "all offenses necessarily included therein").

¶7 Generally, there are two tests, the "elements" test and the "charging documents" test, to determine whether one offense is a lesser-included offense of a greater offense. *See State v. Gooch*, 139 Ariz. 365, 366, 678 P.2d 946, 947 (1984); *In re Jerry C.*, 214 Ariz. 270, 273, ¶ 7, 151 P.3d 553, 556 (App. 2007); *but see State v. Ortega*, 220 Ariz. 320, 324–25, ¶ 13, 206 P.3d 769, 773–74 (App.2008) (rejecting the charging documents test to determine whether two offenses are the same for determining whether jeopardy attaches). The State concedes that sexual conduct with a minor is not a lesser-included offense of continuous sexual abuse of a child under the "elements" test, and we agree.

 ¶8 Under the "elements" test, a lesser-included offense is one "composed solely of some but not all of the elements of the greater crime so that it is impossible to have committed the crime charged without having committed the lesser one." *State v. Celaya*, 135 Ariz. 248, 251, 660 P.2d 849, 852 (1983). Thus, for one offense to be a lesser-included of another, the greater offense must have all the elements of the lesser offense plus at least one additional element. *In re Victoria K.*, 198 Ariz. 527, 530, ¶ 15, 11 P.3d 1066, 1069 (App.2000). Moreover, "[i]t must also be shown that the lesser cannot be committed without always satisfying the corresponding elements of the greater." *Id.* at ¶ 17, 11 P.3d at 1070.

¶9 Sexual conduct with a minor is defined in A.R.S. § 13–1405(A) as follows:

A person commits sexual conduct with a minor by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person who is under eighteen years of age.

The offense has two elements: (1) intentionally or knowingly engaging in sexual intercourse or oral sexual contact;[2] (2) with any

---

1. The charge of sexual abuse of T.T. was resolved in a subsequent plea agreement.

2. "Sexual intercourse" is defined as "penetration into the penis, vulva or anus by any part of the body or by any object or masturbatory contact

person under eighteen years old. A.R.S. § 13–1405(A).

¶ 10 Subsection (A) of A.R.S. § 13–1417 defines continuous sexual abuse of a child as:

> A person who over a period of three months or more in duration engages in three or more acts in violation of § 13–1405 [sexual conduct with a minor], 13–1406 [sexual assault] or 13–1410 [molestation of a child] with a child under fourteen years of age is guilty of continuous sexual abuse of a child.

Continuous sexual abuse of a child has three elements. First, the State must prove beyond a reasonable doubt that a person engaged in three or more sexual acts, each of which would otherwise independently violate §§ 13–1405, –1406, or –1410. A.R.S. § 13–1417(A). Second, the State must also prove that the acts took place over a period of three or more months. *Id.* Finally, the State must prove that the victim was a child less than fourteen years of age. *Id.*

¶ 11 Although sexual conduct with a minor may be an act which occurs during the continuous sexual abuse of a child, the State is not required to prove the elements of sexual conduct with a minor before proving continuous sexual abuse of a child. The three specific individual acts constitute the means rather than elements of the crime because the statute "incorporates the other statutes merely to define the acts that make up the continuous course of sexual abuse." *State v. Ramsey,* 211 Ariz. 529, 538, ¶ 27, 124 P.3d 756, 765 (App.2005).

¶ 12 As a result, the elements of sexual conduct with a minor are not encompassed within the elements of continuous sexual abuse of a child. One can commit continuous sexual abuse of a child without committing sexual conduct with a minor, and one can commit sexual conduct with a minor without satisfying any elements of continuous sexual abuse of a child. Consequently, sexual conduct with a minor cannot qualify as a lesser-included offense of continuous sexual abuse of a child under the "elements" test.

¶ 13 The State, nevertheless, contends that sexual conduct with a minor is a lesser-included offense of sexual abuse of a child under the "charging documents" test. Under the "charging documents" test, an offense is a lesser-included offense if "the charging document describes the lesser offense even though the lesser offense would not always form a constituent part of the greater offense." *Jerry C.,* 214 Ariz. at 273–74, ¶ 11, 151 P.3d at 556–57 (quoting *State v. Brown,* 204 Ariz. 405, 410, ¶ 21, 64 P.3d 847, 852 (App.2003)).

¶ 14 The "charging documents" test, however, does not assist the State because the plain language of the continuous sexual abuse statute precludes its use. "We first consider the statute's language because we expect it to be the best and most reliable index of a statute's meaning." *Zamora v. Reinstein,* 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996) (citations and internal quotations omitted). We give meaning to each word and phrase in a statute "so that no part is rendered void, superfluous, contradictory or insignificant." *Pinal Vista Props., L.L.C. v. Turnbull,* 208 Ariz. 188, 190, ¶ 10, 91 P.3d 1031, 1033 (App.2004); *see also Mejak v. Granville,* 212 Ariz. 555, 557, ¶ 9, 136 P.3d 874, 876 (2006) ("We must interpret the statute so that no provision is rendered meaningless, insignificant, or void.").

¶ 15 Section 13–1417(A) defines the crime of continuous sexual abuse of a child. *See supra* ¶ 10. Subsection (B) defines the crime as a class 2 felony. A.R.S. § 13–1417(B). Subsection (C) provides that the jury must find that three or more acts occurred though the jury need not be unanimous on which acts constitute the requisite number. A.R.S. § 13–1417(C). Subsection (D) then provides that:

> Any other felony sexual offense involving the victim shall not be charged in the same proceeding with a charge under this section unless the other charged felony sexual offense occurred outside the time period charged under this section or *the other*

with the penis or vulva." A.R.S. § 13–1401(3) (2001). "Oral sexual contact" is defined as "oral

contact with the penis, vulva or anus." A.R.S. § 13–1401(1).

*felony sexual offense is charged in the alternative.*

A.R.S. § 13–1417(D) (emphasis added).

¶ 16 The legislature has specifically stated that another sexual felony cannot be included with continuous sexual abuse of a child unless it occurred outside of the requisite time period or is charged in the alternative. *Id.* Ordinarily, a single charge includes "all offenses necessarily included therein." Ariz. R.Crim. P. 13.2(c). The presence of the statutory phrase "or the other felony sexual offense is charged in the alternative" clearly indicates that a defendant cannot be convicted of another sexual felony in the same proceeding, with the same victim, and during the same time frame, unless it is charged in the indictment in the alternative.[3]

¶ 17 Here, the indictment did not charge Larson with any alternative offenses. The court, over Larson's objection, instructed the jury that sexual conduct with a minor was a lesser-included offense of the continuous sexual abuse of T.T. during March, April, and May 2006. Because it was not charged in the alternative in the indictment, the statute prohibited Larson from being convicted of sexual conduct with a minor for any of the acts alleged as part of the continuous sexual abuse of a minor.

¶ 18 Based on the foregoing, the conviction and the resulting sentence on the lesser-included offense must be vacated. *See Martin,* 139 Ariz. at 472, 679 P.2d at 495 (reversing sentence because State argued that defendant was guilty of uncharged offense even though the offense was associated with crime actually charged); *Victoria K.,* 198 Ariz. at 532–33, ¶ 26, 11 P.3d at 1171–72 (vacating delinquency adjudication for false reporting because not a lesser-included offense of hindering prosecution charge).

### III

¶ 19 The State, on cross-appeal, argues that Larson's sentence for sexual conduct

with a minor is illegal because the trial court failed to order consecutive sentences as required by A.R.S. § 13–604.01(L) (Supp.2008). Because we are vacating Larson's conviction for sexual conduct with a minor, the State's cross-appeal is moot. *See State v. Milke,* 177 Ariz. 118, 129, 865 P.2d 779, 790 (1993) (declining to address moot cross-appeal issue).

### IV

¶ 20 Larson also contends that the trial court erred by admitting into evidence recorded portions of his interrogation by the police, in which the detective asserted that Larson was guilty. He argues that, as a result, his conviction for public sexual indecency should be overturned. We review a trial court's ruling on the admissibility of evidence for abuse of discretion. *State v. Tucker,* 215 Ariz. 298, 314, ¶ 58, 160 P.3d 177, 193 (2007).

¶ 21 Larson argues that the detective's statement was hearsay and therefore inadmissible. " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ariz. R. Evid. 801(c). Hearsay is generally inadmissible. Ariz. R. Evid. 802. If a statement, however, is offered for a purpose other than the truth of the matter asserted, it is not subject to the hearsay rule. *State v. Rivera,* 139 Ariz. 409, 413, 678 P.2d 1373, 1377 (1984).

¶ 22 Larson made this argument in his opening brief. However, before Larson filed his reply brief, our supreme court issued its decision in *State v. Boggs,* 218 Ariz. 325, 185 P.3d 111 (2008). In *Boggs,* the court found accusatory statements made by the police to a defendant during an interrogation admissible because they were offered to provide context for the defendant's responses, not to prove the truth of the matter asserted. *Id.* at ¶¶ 37–42, 185 P.3d at 120–21; *see also*

---

**3.** *But see* Tex. Penal Code Ann. § 21.02(e) (2007) (requiring a conviction of other felony sexual offenses in the same proceeding as a charge for continuous sexual abuse of a child to "(1) [be] charged in the alternative; (2) occur[ ] outside the period in which the offense alleged ... was

committed; or (3)[be] considered by the trier of fact to be a lesser included offense of the offense alleged"); Del Code Ann. tit. 11 § 778 (2006) (omitting any limitation of additional charges of other felony sexual offenses).

*State v. Miller*, 186 Ariz. 314, 322, 921 P.2d 1151, 1159 (1996) (holding detective's statement not hearsay because not offered for substantive content but to show effect on defendant during interrogation); *State v. Ceja*, 113 Ariz. 39, 42, 546 P.2d 6, 9 (1976) (Statements made to an accused during interrogation are not objectionable as hearsay because they are "not offered to prove the truth of the words spoken, but to prove the conversation between appellant and the police officer.").

¶ 23 Larson, in his reply brief, acknowledges that Boggs disposes of his hearsay argument, but asserts that several of the detective's statements during the interrogation should have been precluded on the basis of unfair prejudice and confusion to the jury. *See* Ariz. R. Evid. 403 (permitting relevant evidence to be excluded on the basis of unfair prejudice, confusion of issue, or misleading the jury). Larson, however, did not advance this argument in his opening brief; therefore, it has been waived. *See State v. Guytan*, 192 Ariz. 514, 520, ¶ 15, 968 P.2d 587, 593 (App.1998) (arguments raised for the first time in the reply brief are waived). Consequently, we find no error.

### V

¶ 24 Based on the foregoing, we affirm the conviction and sentence imposed for public sexual indecency but vacate the conviction and sentence imposed for sexual conduct with a minor as a lesser-included offense of continuous sexual abuse of a child.

CONCURRING: MARGARET H. DOWNIE, Presiding Judge, and PATRICK IRVINE, Judge.