307 P.3d 1034

**STATE of Arizona, Appellee,**

v.

**Andrew William HINES, Appellant.**

**No. 1 CA–CR 12–0356.**

Court of Appeals of Arizona, Division 1, Department C.

Sept. 3, 2013.

Thomas C. Horne, Arizona Attorney General by Joseph T. Maziarz, Chief Counsel, Criminal Appeals Section and Michael T. O'Toole, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Jill L. Evans, Mohave County Appellate Defender, Kingman, Attorney for Appellant.

## OPINION

SWANN, Judge.

¶1 Andrew William Hines appeals from his conviction and sentence for the class 5 felony of promoting prison contraband. We affirm because the court properly treated the class 5 felony of which Hines was convicted as a lesser-included offense of the offense with which he was charged, the class 2 felony of promoting prison contraband.

### FACTS AND PROCEDURAL HISTORY

¶2 In June 2011, a grand jury indicted Hines for promoting prison contraband "by possessing, a dangerous instrument in a correctional facility, . . . a Class 2 Felony" under A.R.S. § 13–2505(A)(3) and (F). Hines pled not guilty and the matter proceeded to a jury trial.

¶3 At trial, the state presented evidence that when Hines was incarcerated at a state prison in May 2011, prison officers strip-searched him and found a cellophane-wrapped object in his sock. The object was made of solid plastic, had an angled point, and resembled a box-cutter. One of the prison officers and a prison investigator testified that inmates commonly fashion such objects for use as weapons; commonly wrap them in cellophane to allow grip, protect their hands, and eliminate fingerprints; and commonly hide them in their clothing. The officer and the investigator further testified that the object found in Hines's sock could be used as a stabbing or cutting device to seriously injure or kill prison staff or other inmates.

¶4 At the close of the state's case-in-chief, Hines moved for a judgment of acquittal under Ariz. R.Crim. P. 20. The court concluded that the state had failed to prove that the seized object was a "dangerous instrument"—an essential element of the class 2 felony. A.R.S. § 13–105(12) defines a "dangerous instrument" as "anything that under the circumstances in which it is used, attempted to be used or threatened to be used is readily capable of causing death or serious physical injury," and the court found that the state had put forth no evidence that Hines used, attempted to use, or threatened to use the object. The court therefore granted Hines's motion with respect to the class 2 felony offense of promoting prison contraband by possessing a dangerous instrument, but ruled that the class 5 felony offense of promoting prison contraband by possessing an "article whose use or possession would endanger the safety, security or preservation of order in a correctional facilit[y]" was a lesser-included offense that the jury could consider.

¶5 Hines did not immediately object to the court's ruling. But later, after he had presented evidence and the state had presented its rebuttal case, Hines argued that because the state "indicted a certain charge" and "hadn't met their burden of proof on that [charge]," it was "improper to continue on a lesser included." Hines acknowledged, however, that had the class 2 felony gone to the jury, he would have requested a lesser-included jury instruction. The court overruled Hines's objection and instructed the jury on the class 5 felony, defining the offense as "requir[ing] proof that the defendant knowingly possessed contraband while being confined in a correctional facility," with "'[c]ontraband' mean[ing] any article whose use or possession would endanger the safety, securi-

ty or preservation of order in a correctional facility or of any person within a correctional facility."

¶ 6 The jury found Hines guilty. The court found that Hines had two historical prior felony convictions and sentenced him to a presumptive five-year prison term.

¶ 7 Hines timely appeals, contending that the class 5 felony of promoting prison contraband is not a lesser-included offense of the class 2 felony of promoting prison contraband. We have jurisdiction under A.R.S. §§ 12–120.21(A)(1), 13–4031, and 13–4033(A)(1).

## STANDARD OF REVIEW

¶ 8 We review de novo whether an offense is a lesser-included offense of another crime. *In re James P.*, 214 Ariz. 420, 423, ¶ 12, 153 P.3d 1049, 1052 (App.2007). The state contends that under *State v. Henderson*, 210 Ariz. 561, 567–68, ¶¶ 19–20, 115 P.3d 601, 607–08 (2005), and *State v. Lopez*, 217 Ariz. 433, 434–35, ¶ 4, 175 P.3d 682, 683–84 (App.2008), we must review only for fundamental error because Hines's objection at trial was not directed to the characterization of the class 5 felony as a lesser-included offense. But even assuming that fundamental error analysis applies, a conviction and sentence for a non-lesser-included offense will always constitute fundamental error and cause prejudice. *Cf. State v. Larson*, 222 Ariz. 341, 345, ¶¶ 16–18, 214 P.3d 429, 433 (App.2009) (vacating conviction and sentence when offense was not specifically charged as an alternative crime as required by statute).

## DISCUSSION

¶ 9 The specification of an offense in an indictment constitutes a charge of that offense and all offenses necessarily included therein. Ariz. R.Crim. P. 13.2(c), 23.3. Necessarily included offenses are those lesser-included offenses that are supported by the evidence. *State v. Dugan*, 125 Ariz. 194, 195, 608 P.2d 771, 772 (1980).

¶ 10 There are two tests to determine whether an offense is a lesser-included offense: the "elements" test, and the "charging documents" test. *Larson*, 222 Ariz. at 343, ¶ 7, 214 P.3d at 431. Under the elements test, a lesser-included offense is an offense that is composed solely of some but not all of the elements of the greater offense, so that it is impossible to have committed the greater offense without having committed the lesser offense. *State v. Celaya*, 135 Ariz. 248, 251, 660 P.2d 849, 852 (1983). Under the charging documents test, a lesser-included offense is an offense that would not always form part of the greater offense but is nonetheless described by the charging document. *Larson*, 222 Ariz. at 344, ¶ 13, 214 P.3d at 432.

¶ 11 Here, the elements test is dispositive. A.R.S. § 13–2505(A)(3) provides that a person commits promoting prison contraband by, without authorization, "knowingly making, obtaining or possessing contraband while being confined in a correctional facility." "Contraband" is defined as:

> [A]ny dangerous drug, narcotic drug, marijuana, intoxicating liquor of any kind, deadly weapon, dangerous instrument, explosive, wireless communication device, multimedia storage device or other article whose use or possession would endanger the safety, security or preservation of order in a correctional facility ... or of any person within a correctional ... facility.

A.R.S. § 13–2501(1). Promoting prison contraband is a class 2 felony if the contraband is a dangerous instrument, deadly weapon, explosive, dangerous drug, narcotic drug, or marijuana. A.R.S. § 13–2505(F). Otherwise, the offense is a class 5 felony. *Id.*

¶ 12 Hines contends that because § 13–2501(1) uses the disjunctive "or" to define contraband, it and § 13–2505 describe several separate crimes with different elements-not one unitary offense. A statute describes separate crimes when it requires materially different elements for different types of violations. *State v. Freeney*, 223 Ariz. 110, 113, ¶¶ 16–17, 219 P.3d 1039, 1042 (2009). To determine whether that is the case here, we look to the statutes' plain language to ascertain and give effect to the legislature's intent. *State v. Garcia*, 219 Ariz. 104, 105–06, ¶ 6, 193 P.3d 798, 799–800 (App.2008).

¶ 13 Based on the plain language of § 13–2501(1), we conclude that the legislature's intent was not to create alternative definitions for contraband, but to provide a single, broad definition of contraband while specifying examples of items that fall within the definition. All of the specifically identified items in § 13–2501(1)—that is, dangerous drugs, narcotic drugs, marijuana, intoxicating liquors, deadly weapons, dangerous instruments, explosives, wireless communication devices, and multimedia storage devices—are, by their nature, "article[s] whose use or possession would endanger the safety, security or preservation of order in a correctional facility ... or of any person within a correctional ... facility." [1] We therefore conclude that contraband means any article whose use or possession would endanger the safety, security or preservation of order in a correctional facility, including but not limited to the articles that the statute lists by name. *Cf. State v. Bloomer*, 156 Ariz. 276, 279, 751 P.2d 592, 595 (App.1987) (to prove that defendant was guilty of promoting prison contraband, state had to prove that defendant possessed a substance that was contraband, knowingly possessed the substance, and knew it was contraband; the fact that defendant believed the substance he possessed was marijuana when it was actually gunpowder did not relieve him of criminal liability).

¶ 14 Applying this unitary definition of contraband, the class 5 felony is a lesser-included offense of the class 2 felony under the elements test. Under § 13–2505(A)(3) and (F), a person commits the class 5 felony by knowingly making, obtaining or possessing any item of contraband without authorization, and commits the class 2 felony when that contraband is a deadly weapon, dangerous instrument, explosive, dangerous drug, narcotic drug or marijuana. The class 5 felony is therefore composed solely of some but not all of the elements of the class 2 felony, and it is impossible to commit the class 2 felony without committing the class 5 felony.

¶ 15 The state presented sufficient evidence to show that the object found in Hines's sock was an inmate-manufactured weapon that could be used to injure staff or other inmates and thereby endanger the prison's safety, security and order. The indictment's charge therefore included the lesser-included class 5 felony, it was properly submitted to the jury, and Hines had notice of it as a matter of law. Ariz. R.Crim. P. 13.2(c), 23.3; *State v. Cheramie*, 218 Ariz. 447, 448, ¶ 7, 189 P.3d 374, 375 (2008).

## CONCLUSION

¶ 16 The class 5 felony of promoting prison contraband is a lesser-included offense of the class 2 felony of promoting prison contraband. We affirm Hines's conviction and sentence.

CONCURRING: DIANE M. JOHNSEN and RANDALL M. HOWE, Judges.

---

1. We reject Hines's argument that "[o]ne can commit promoting prison contraband by possessing a dangerous instrument without necessarily endangering the preservation of 'security' or 'order' of a correctional facility under the circumstances of a case." As the superior court observed, a dangerous instrument is "anything that under the circumstances in which it is used, attempted to be used or threatened to be used is readily capable of causing death or serious physical injury." A.R.S. § 13–105(12). An inmate who possesses a dangerous instrument plainly poses a threat to a correctional facility's safety, security and order.