909 P.2d 478

The STATE of Arizona, Appellee,

v.

Ley Alan STEVENS, aka Bradley Alan Stevens, Appellant.

No. 2 CA–CR 94–0505.

Court of Appeals of Arizona, Division 2, Department B.

Sept. 29, 1995.

Reconsideration Denied Nov. 1, 1995.

Review Denied March 21, 1996.

Grant Woods, Attorney General by Paul J. McMurdie and Bruce M. Ferg, Tucson, for Appellee.

Isabel G. Garcia, Pima County Legal Defender by Cynthia D. Heveri, Tucson, for Appellant.

## OPINION

HATHAWAY, Judge.

Appellant was charged with robbery, burglary and theft. The state dismissed the theft charge at the close of its evidence. A jury found him guilty of the remaining charges. On appeal, he claims the trial court erred in denying his motion under Ariz. R.Crim.P. 20, 17 A.R.S., for a judgment of acquittal on the robbery charge and in responding to the jury's question during deliberation regarding that offense.

A judgment of acquittal should only be granted if there is no substantial evidence to warrant conviction. Ariz.R.Crim.P. 20(a). Substantial evidence has been described as evidence that reasonable persons could find sufficient to support the conclusion that the defendant committed the charged offense beyond a reasonable doubt. *State v. Mathers,* 165 Ariz. 64, 796 P.2d 866 (1990). The crime of robbery is committed

> if in the course of taking any property of another from his person or immediate presence and against his will, such person threatens or uses force against any person with intent either to coerce surrender of property or to prevent resistance to such person taking or retaining property.

A.R.S. § 13–1901. Threat means "a verbal or physical menace of imminent physical injury to a person." A.R.S. § 13–1901. Appellant contends there was insufficient evidence of the threat to use or the use of force to send the charge to the jury. We disagree.

The state's evidence included the victim's testimony that while she was at an intersection in her car, appellant opened the door and told her that she had almost hit him. She did not recall almost hitting anyone. The victim described appellant as looking "very upset, and by his manner and the way that he approached me, he looked like

an abusive person." Based on the way he looked, his "body movement and the way he talked to [her]," she was afraid he might hurt her. He then looked all around her car and at her. She stated that when he bent down on the back of her seat she was afraid he was going to hurt her. He then took her purse, which was behind the seat and contained $150 cash, and ran away.

Clearly the victim was fearful and felt threatened and did not consent to the taking of her property. Given her testimony and the commonly-known fact that carjackings are becoming tragically frequent, we believe there was sufficient evidence from which reasonable jurors could conclude that the threatening behavior was directed at coercing the victim into surrendering the purse or some other property belonging to her, or preventing her from resisting him in his efforts to take or retain it. *See State v. Celaya,* 135 Ariz. 248, 660 P.2d 849 (1983); *State v. Miguel,* 125 Ariz. 538, 611 P.2d 125 (App.1980). That appellant used trickery by feigning anger at having almost been hit in order to detain the victim, look inside the car, and obtain access to the purse, does not negate the elements of the offense of robbery. The jury could and did reasonably conclude appellant intended to cause her to be so fearful and threatened that she would not, at the very least, resist his efforts to take her purse. The trial court correctly denied the Rule 20 motion. It is this taking of property against the will of the victim which raises this act to the level of robbery as required by A.R.S. § 13–1902. *Miguel.* Simply because the victim was fearful, an element no longer required by A.R.S. § 13–1902, does not negate the fact that her property was taken against her will and that a robbery occurred.

 In his second issue on appeal appellant contends the trial court erred in failing to further instruct the jury after it submitted questions to the court during deliberations. The jury asked whether the defendant had to threaten or "can the victim just perceive a threat?" They also asked the court to explain the portion of the robbery instruction relating to the threat to use and the use of force. After some discussion, the court told counsel it would tell the jury to refer to the instructions and that the definition of threat had been given to them. Because defense counsel essentially conceded the trial court's response was proper by failing to specifically object to the court's refusal to give additional instructions, the issue may be deemed waived. *See Ott v. Samaritan Health Service,* 127 Ariz. 485, 622 P.2d 44 (App.1980). In any event, it is for the trial court to decide in exercising its discretion whether additional instructions were needed. Because the instructions given were adequate, we cannot say the court abused its discretion in referring the jury back to them. *State v. Ramirez,* 178 Ariz. 116, 871 P.2d 237, *cert. denied,* —— U.S. ——, 115 S.Ct. 435, 130 L.Ed.2d 347 (1994).

The convictions and the order placing appellant on four years' probation are affirmed.

FERNANDEZ, J., concurs.

DRUKE, Chief Judge, dissenting.

I respectfully dissent. There is simply no evidence to establish that the defendant threatened or used force to take the victim's purse. On direct examination by the prosecutor, the victim testified in pertinent part as follows:

Q. So after you stopped there in your [vehicle] at about 10 o'clock in the morning, what happened?

A. Suddenly a young man opened the door of my car and told me that I almost hit him.

\* \* \* \* \* \*

Q. [C]ould you tell anything about his face when he was making these statements to you?

A. He looked very upset, and by his manner and the way that he approached me, he looked like an abusive person.

Q. How could you tell that, what gave you this feeling?

A. His body movement and the way he talked to me, I was afraid that he might hurt me.

\* \* \* \* \* \*

Q. As best you can recall, at this point, what were the words that this man spoke to you?

A. He opened my door, all wide open, and he told me very angry that, "Hey,

lady, did you notice that you almost hit me."

&ast; &ast; &ast; &ast; &ast; &ast;

Q. [D]id you say anything to him?

A. I don't recall. I was so scared that I don't recall talking.

&ast; &ast; &ast; &ast; &ast; &ast;

Q. What happened after you saw this man looking around and in different parts of your car and bending over?

A. He took my purse that was behind my seat and started running away to his car.

From the foregoing, it is apparent that the defendant frightened and scared the victim before he grabbed her purse and ran to his car. This would have been sufficient to establish robbery under our criminal code before it was amended in 1978. The prior statute, A.R.S. § 13–641, defined robbery as "the felonious taking of personal property in the possession of another from his person, or immediate presence, and against his will, accomplished by means of force or fear." However, fear is no longer an element of our current robbery statute, as this court recognized in *State v. Miguel, supra.* "A.R.S. § 13–1902 eliminates the requirement that the victim be placed in fear. 'The new statute views robbery as an offense independent of the victim's courage or lack of it.'" *Id.* at 541, 611 P.2d at 128, quoting R. Gerber, *Criminal Law of Arizona* at 271 (1978). Thus, the relevant inquiry under A.R.S. § 13–1902 is whether, in the course of taking another's property, the defendant "threatens or uses force against any person with intent either to coerce surrender of property or to prevent resistance to" its taking. Threat means "a verbal or physical menace of imminent physical injury to a person." A.R.S. § 13–1901(4). In this case, the following testimony of the victim on cross-examination clearly demonstrates that the defendant neither threatened nor used force in the course of taking the victim's purse.

Q. Okay, let me ask you, from the time the man opened the door to the time he grabbed the purse and left, how long was that?

A. Less than a minute.

&ast; &ast; &ast; &ast; &ast; &ast;

Q. [T]here was no struggle, was there?

A. No.

Q. And there was no fight over the purse?

A. No.

&ast; &ast; &ast; &ast; &ast; &ast;

Q. The person never threatened you with a fist or made a move toward you to hit you or hurt you or touch you?

A. No.

Q. And the only thing the person said was something to the effect of, "Hey, lady, you almost hit me"?

A. Yes.

Given this unequivocal testimony, the defendant could not be convicted of robbery, only theft. "[T]he main difference between the crimes of theft and robbery lies in the use or threat of force...." *State v. Tramble,* 144 Ariz. 48, 52, 695 P.2d 737, 741 (1985). Accordingly, the robbery conviction should be revised to reflect a conviction for theft by control of property with a value of less than two hundred fifty dollars, a class six felony, and the case remanded for resentencing.