13 P.3d 1209

The STATE of Arizona, Appellee,

v.

William Earl FLYNT, Appellant.

No. 2 CA–CR 98–0498.

Court of Appeals of Arizona,
Division 2, Department B.

Nov. 30, 2000.

Janet Napolitano, Arizona Attorney General By Paul J. McMurdie and John L. Saccoman, Phoenix, Attorneys for Appellee.

Law Offices of Thomas Jacobs By Thomas Jacobs, Tucson, Attorney for Appellant.

DRUKE, Judge.

¶ 1 In Arizona, a defendant found guilty except insane, rather than simply guilty, must be committed to the jurisdiction of the psychiatric security review board for a term equal to a guilty defendant's prison sentence if the trial court finds, pursuant to A.R.S. § 13–502(D), that the defendant's conduct "involved the death or physical injury of or a substantial threat of death or physical injury to another person." Absent such a finding, the defendant is potentially entitled to release or civil commitment proceedings within seventy-five days of the court's commitment order. See A.R.S. § 13–3994(B). The only issue raised in this appeal is whether the phrase "a substantial threat of death or physical injury" includes pointing an unloaded gun at another person.

¶ 2 Appellant William Flynt confronted a thirteen-year-old boy with an unloaded handgun as the boy left his karate class. When the boy saw the gun and heard Flynt cock it, the boy ran to his father's car. Flynt then entered the karate studio and confronted two

adults with the gun and detained one of them until the police arrived and disarmed Flynt. The police found no ammunition for the gun, and Flynt did not physically injure the victims, who were unaware the gun was not loaded.

¶ 3 After a bench trial, Flynt was found guilty except insane under § 13–502 of aggravated assault of a minor under the age of fifteen, aggravated assault with a deadly weapon, and two counts of kidnapping. The trial court then found, as required by § 13–502(D), that Flynt could have received prison terms of 6, 7.5, and 10.5 years for the offenses. As the statute further requires, the court next determined whether Flynt's conduct involved a "substantial threat of death or physical injury to another person" and found that it did. As a result, the court committed Flynt to the psychiatric security review board's jurisdiction for a period of 10.5 years pursuant to § 13–3994(D). Flynt filed a timely notice of appeal, and we have jurisdiction pursuant to A.R.S. § 13–4033(A)(1).

¶ 4 Flynt argues that, because the gun was unloaded, the trial court erred in determining that his conduct involved "a substantial threat of death or serious physical injury to another person." This phrase, Flynt contends, requires a determination that the defendant's conduct "actually created a substantial threat of death or serious physical injury to another person," rather than a determination that the person "reasonably perceived a substantial threat of death or serious physical injury." The state advocates a broader construction and contends the disputed phrase also includes a perceived or an apparent threat of death or physical injury. We agree with the state.

 ¶ 5 Our primary goal in construing a statute is to determine and give effect to legislative intent. *State v. Getz*, 189 Ariz. 561, 944 P.2d 503 (1997). "To determine legislative intent, we consider the statute's context, the language used, the subject matter, the historical background, the statute's effects and consequences, and the statute's spirit and purpose." *State v. Korzep*, 165 Ariz. 490, 493, 799 P.2d 831, 834 (1990). We look first to the statute's words and give them ordinary meanings unless the context or a statutory definition dictates otherwise.

*Id.* We also construe statutory provisions "in light of their place in the statutory scheme," *State v. Wilhite*, 160 Ariz. 228, 230, 772 P.2d 582, 584 (App.1989), so "they may be harmonious and consistent." *State ex rel. Larson v. Farley*, 106 Ariz. 119, 122, 471 P.2d 731, 734 (1970).

¶ 6 Both sides agree the legislature has not provided a definition for the word "threat." Accordingly, we determine its ordinary meaning from established, widely respected dictionaries. *Sierra Tucson, Inc. v. Pima County*, 178 Ariz. 215, 871 P.2d 762 (App. 1994). Webster's Third New International Dictionary 2382 (1971) defines "threat" as "an indication of something impending and usu[ally] undesirable or unpleasant." Similarly, "threat" is defined in Black's Law Dictionary 1490 (7th ed.1999) as an "indication of an approaching menace." "Indication" means "something (as a signal, sign, suggestion) that serves to indicate." Webster's at 1150. And we find this definition for "threat" in Merriam Webster's Collegiate Dictionary 1228 (10th ed. 1995): "[A]n expression of intention to inflict evil, injury, or damage." Intention can, of course, be expressed by words, gestures, or actions. See *id.* at 410. From these dictionary definitions, we conclude that the ordinary meaning of "threat" includes both actual and apparent harm or injury and would adopt that meaning in construing the disputed phrase in § 13–502(D), unless we were persuaded otherwise.

 ¶ 7 To that end, Flynt argues that the resisting arrest statute contains language similar to the phrase at issue here and has been construed to require actual risk of harm to another, citing *State v. Lopez*, 163 Ariz. 108, 786 P.2d 959 (1990), and *State v. Womack*, 174 Ariz. 108, 847 P.2d 609 (App.1992). We believe Flynt misreads the statute and cases. The resisting arrest statute, A.R.S. § 13–2508, prohibits a person from resisting a peace officer's arrest by:

1. Using or threatening to use physical force against the peace officer or another; or

2. Using any other means creating a substantial risk of causing physical injury to the peace officer or another.

On its face, § 13–2508 prohibits two types of resisting arrest, as our supreme court expressly recognized in *Lopez.*

> The state argues that because the "any other means" [in subsection (2) ] must involve "a substantial risk of causing physical injury," it necessarily involves the use or threat of violence. However, under the state's reading of the statute, which is tortuous at best, subsection (2) is a mere rescript of subsection (1). We believe that subsection (2) was intended to and does apply to situations where the person did not use or threaten to use violence upon an officer or another, but still created a substantial risk that someone would be physically injured.

*Lopez,* 163 Ariz. at 114, 786 P.2d at 965. We later acknowledged this dual prohibition in *Womack,* finding that the statute's language reflected a legislative intent to prohibit "threats or any conduct that creates a substantial risk of injury to another." *Womack,* 174 Ariz. at 111, 847 P.2d at 612 (emphasis added). Thus, although Flynt correctly argues that § 13–2508 prohibits conduct creating the "risk" of physical injury, *Lopez* and *Womack* confirm that the statute also prohibits conduct "threatening" such injury. Accordingly, because the resisting arrest statute covers both kinds of conduct, it does not support Flynt's argument that the disputed phrase in § 13–502(D) is limited to actual risk-creating conduct.

¶ 8 Flynt next directs our attention to the endangerment statute, claiming it too lends support to his position that the disputed phrase only encompasses conduct involving an actual risk of death or physical injury. The endangerment statute, A.R.S. § 13–1201, states that "[a] person commits endangerment by recklessly endangering another person with a substantial risk of imminent death or physical injury." In *State v. Morgan,* 128 Ariz. 362, 367, 625 P.2d 951, 956 (App.1981), this court limited the statute's application to conduct that places the victim in "actual substantial risk" of death or physical injury. We later confirmed that limitation in *State v. Doss,* 192 Ariz. 408, 966 P.2d 1012 (App. 1998), holding that a jury must be instructed that endangerment requires proof that the defendant's conduct did, in fact, create a substantial risk of the victim's imminent death or physical injury.

¶ 9 Unlike the endangerment or resisting arrest statutes, however, the disputed phrase in § 13–502(D) does not contain the word "risk," thus implying that the legislature intended the disputed phrase to have a broader application. The legislative history bears this out. Before 1993, § 13–502(D) required a trial court to determine whether a defendant's conduct involved a "substantial risk" of serious physical injury. 1984 Ariz. Sess. Laws, ch. 287, § 1. But the legislature amended the statute in 1993, and as already noted, § 13–502(D) now requires the court to make a "substantial threat" determination about the defendant's conduct. 1993 Ariz. Sess. Laws, ch. 256, § 3. From this amendment, we presume the legislature intended to change existing law, see *In re Paul M.,* 198 Ariz. 122, 7 P.3d 131 (App.2000), and thus remove any limitation the word "risk" might place on § 13–502(D). See *Morgan.*

¶ 10 Accordingly, we reject Flynt's argument that the disputed phrase in § 13–502(D) should be limited to conduct that involves a substantial "actual" threat of death or physical injury and hold that the phrase, properly construed, also includes conduct that involves a substantial "apparent" threat of death or physical injury. This construction, we believe, reflects legislative intent by harmonizing § 13–502(D) with those statutes criminalizing both kinds of conduct, such as armed robbery, A.R.S. § 13–1904; first-degree burglary, A.R.S. § 13–1508; and aggravated assault, A.R .S. § 13–1204. If a defendant commits one of these offenses while armed with a deadly weapon, it matters not whether the weapon posed an actual or apparent threat to the victim. The definition of "deadly weapon" under A.R.S. § 13—105(13) "includes a firearm," and § 13–105(17) defines "firearm" as "any loaded or unloaded handgun, pistol, revolver, [or] shotgun." The adoption of Flynt's limited construction of § 13–502(D) would result in the exclusion of such offenses and lead to an absurd result. "Statutes must be given a sensible construction which accomplishes the legislative intent behind them and which avoids absurd results." *Collins v. State,* 166 Ariz. 409, 415, 803 P.2d 130, 136 (App.1990). See also *State*

*v. Altamirano,* 166 Ariz. 432, 803 P.2d 425 (App.1990).

¶ 11 Based on our construction of the disputed phrase in § 13–502(D) and our review of the record, we find that Flynt's conduct involved a substantial threat of death or physical injury and therefore affirm his 10.5 year commitment to the jurisdiction of the psychiatric security review board.

CONCURRING: PHILIP G. ESPINOSA, Chief Judge, JOSEPH W. HOWARD, Presiding Judge.