IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

APR −8 2013

COURT OF APPEALS
DIVISION TWO

|                          |     |                      |
| ------------------------ | --- | -------------------- |
| THE STATE OF ARIZONA,    | )   |                      |
|                          | )   |                      |
| Appellee,                | )   | 2 CA-CR 2012-0153    |
|                          | )   | DEPARTMENT B         |
| v.                       | )   |                      |
|                          | )   | O P I N I O N        |
| ALBERT JUNIOR LOPEZ,     | )   |                      |
|                          | )   |                      |
| Appellant.               | )   |                      |
|                          | )   |                      |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20104304001

Honorable Teresa Godoy, Judge Pro Tempore

AFFIRMED IN PART; VACATED IN PART

Thomas C. Horne, Arizona Attorney General
 By Joseph T. Maziarz and David A. Sullivan                              Tucson
                                                          Attorneys for Appellee

Lori J. Lefferts, Pima County Public Defender
 By Abigail Jensen                                                       Tucson
                                                         Attorneys for Appellant

V Á S Q U E Z, Presiding Judge.

¶1      Appellant Albert Lopez was convicted after a jury trial of possession of a narcotic drug and possession of drug paraphernalia. The trial court sentenced him to mitigated, concurrent prison terms, the longest of which is seven years. The court also reduced various fines, fees, and assessments to a criminal restitution order (CRO), further ordering that "no interest, penalties, or collection fees" would accrue "while the defendant is in the Department of Corrections." On appeal, Lopez asserts the court was not permitted to reduce the monetary penalties to a CRO until his sentences had expired and the CRO must therefore be vacated. We vacate the CRO but otherwise affirm Lopez's convictions and sentences.

¶2      In *State v. Lewandowski*, this court held that A.R.S. § 13-805,[1] which governs the entry of CROs, applies only at the expiration of a defendant's sentence or probation. 220 Ariz. 531, ¶ 15, 207 P.3d 784, 789 (App. 2009). We reasoned the imposition of a CRO before the defendant's probation or sentence has expired "constitutes an illegal sentence, which is necessarily fundamental, reversible error," because the premature accrual of interest obligates the defendant to pay more than § 13-805 requires. *Id.* Thus, as the state concedes, the trial court's reduction of the fees, fines, and assessments against Lopez to a CRO at sentencing was improper.

---

[1]Section 13-805 has been amended three times since Lopez committed the offenses here. *See* 2012 Ariz. Sess. Laws, ch. 269, § 1; 2011 Ariz. Sess. Laws, ch. 263, § 1 and ch. 99, § 4. We refer to the version in effect at the time of his offenses, *see* 2005 Ariz. Sess. Laws, ch. 260, § 6, but observe that, on these facts, the result would be the same under the current version.

¶3        The state asserts, however, that we need not vacate the CRO because Lopez did not object at sentencing and therefore has not met on appeal his burden of demonstrating any error prejudiced him.  In most circumstances, a defendant's failure to object to alleged error in the trial court forfeits review for all but fundamental, prejudicial error.  *See State v. Henderson*, 210 Ariz. 561, ¶¶ 19-20, 115 P.3d 601, 607 (2005).  But this court held in *State v. Vermuele* that fundamental error review does not apply when the "alleged [sentencing] error[] . . . did not become apparent until the trial court pronounced sentence."  226 Ariz. 399, ¶ 14, 249 P.3d 1099, 1103 (App. 2011).  Nothing in the record suggests Lopez had an opportunity to raise this error until the court pronounced that sentence.  Accordingly, Lopez need not demonstrate resulting prejudice.

¶4        As the state correctly points out, however, sentencing error may be subject to harmless error review.  *See Lewandowski*, 220 Ariz. 531, ¶ 10, 207 P.3d at 788; *see also Henderson*, 210 Ariz. 561, ¶ 18, 115 P.3d at 607 (state has burden of demonstrating harmless error).  The state asserts the error here is harmless because the trial court further ordered that no interest would accrue until Lopez's sentence had expired.  Thus, the state reasons, the harm described in *Lewandowski* is not present in this case because no premature interest will accrue.

¶5        But we agree with Lopez that the trial court lacked authority to delay the imposition of interest, just as it lacked authority to enter a CRO in the first instance.  Nothing in § 13-805 permits a court to delay or alter the accrual of interest when a CRO is "recorded and enforced as any civil judgment" pursuant to § 13-805(C).  We are extremely reluctant to deem an unauthorized act harmless because of a second

3

unauthorized act. And we decline to speculate whether the court's attempt to delay the accrual of interest would be of any legal effect should we permit the unauthorized CRO to remain. *Cf. Jackson v. Schneider*, 207 Ariz. 325, ¶ 10, 86 P.3d 381, 383-84 (App. 2004) (when trial court exceeds sentencing authority, sentence void as to excess portion). Finally, should Lopez pay any of the fines, fees, or assessments while incarcerated, the CRO would be inaccurate at the completion of his sentence. Thus, we conclude the state has not met its burden of demonstrating the error is harmless. *See Henderson*, 210 Ariz. 561, ¶ 18, 115 P.3d at 607.

¶6        The CRO is vacated. Lopez's convictions and sentences are otherwise affirmed.

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge

CONCURRING:

/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge

/s/ *Michael Miller*
MICHAEL MILLER, Judge

4