IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | |
| Appellee, | ) | 2 CA-CR 2012-0032 |
| | ) | DEPARTMENT A |
| v. | ) | |
| | ) | O P I N I O N |
| DANIEL ANDREW SNIDER, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20110022002

Honorable Jane L. Eikleberry, Judge

AFFIRMED IN PART; VACATED IN PART; REMANDED WITH INSTRUCTIONS

Thomas C. Horne, Arizona Attorney General
  By Joseph T. Maziarz and Jonathan Bass                                     Tucson
                                                                 Attorneys for Appellee


Lori J. Lefferts, Pima County Public Defender
  By Rebecca A. McLean                                                       Tucson
                                                                 Attorneys for Appellant

V Á S Q U E Z, Presiding Judge.

¶1 After a jury trial, appellant Daniel Snider was convicted of nine counts of first-degree burglary, ten counts of armed robbery, and one count each of aggravated assault and attempted armed robbery. The trial court sentenced[1] him to a 7.5-year prison term on count two, burglary; fifteen years on count four, burglary; twenty years on count eleven, attempted armed robbery; and, life in prison with the possibility of release after twenty-five years on the eighteen remaining counts pursuant to A.R.S. § 13-706(A),[2] with all sentences to be served concurrently. On appeal, Snider contends there was insufficient evidence to support two of his armed robbery convictions. He also argues the court erred by imposing life sentences under § 13-706(A). For the reasons that follow, we affirm the convictions but remand for resentencing.

### Factual Background and Procedural History

¶2 We view the evidence in the light most favorable to sustaining the convictions and resolve all reasonable inferences against Snider. *See State v. Haight-Gyuro*, 218 Ariz. 356, ¶ 2, 186 P.3d 33, 34 (App. 2008). This case arises from a series of nine bank robberies that occurred in Pima County from October 18 to December 23, 2010. All of the robberies were committed in a similar manner. Snider walked into the bank wearing a dark hooded sweatshirt with a scarf or handkerchief covering his face.

---

[1]The first sentencing hearing occurred on January 30, 2012. He was resentenced on February 1, 2012, on the court's own motion after discrepancies were found.

[2]Although the sentencing minute entry states Snider was sentenced to a term of life "with the possibility of parole after 25 years," the transcript from the sentencing hearing indicates the court found "the defendant is not eligible for suspension of sentence, probation, pardon or release from confinement," using the language found in § 13-706(A).

He displayed a handgun, handed the teller a grocery bag, and demanded all of the money in the cash drawer. Snider was apprehended shortly after the December 23 robbery and admitted committing the robberies during a police interview.[3]

¶3　　　Snider was charged in a single indictment with twenty-four counts of armed robbery, attempted armed robbery, aggravated assault, and first-degree burglary, all dangerous offenses pursuant to A.R.S. § 13-704. The state also alleged pursuant to § 13-706(A) that Snider was "subject to life imprisonment if convicted of three armed robberies and/or aggravated assaults and/or burglaries i[n] the first degree." The jury found Snider guilty of twenty-one of the counts, and the trial court sentenced him as described above. This appeal followed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1), (4).

## Discussion

### Sufficiency of the Evidence

¶4　　　Snider argues there was insufficient evidence to support his convictions for the armed robberies alleged in count twenty and count twenty-two because neither victim "testified that the robber used or threatened" her with a weapon.[4] The sufficiency of the

---

[3]Snider admitted to committing all the robberies except the one on October 29. However, after being shown a picture of the October 29 robbery, Snider stated that "it looked like him" and "may have been him" but that "he couldn't remember due to being on cocaine."

[4]The state asserts that Snider failed to move the trial court for a judgment of acquittal "on this ground" pursuant to Rule 20, Ariz. R. Crim. P. The record confirms that the trial court denied Snider's Rule 20 motion generally challenging the sufficiency of the evidence. However, the state acknowledges that we review de novo the sufficiency of evidence to support a conviction. *State v. West*, 226 Ariz. 559, ¶ 15, 250 P.3d

3

evidence is a question of law we review de novo. *State v. West*, 226 Ariz. 559, ¶ 15, 250 P.3d 1188, 1191 (2011). We will reverse only if no substantial evidence supports the convictions. *State v. Fimbres*, 222 Ariz. 293, ¶ 4, 213 P.3d 1020, 1024 (App. 2009). "Substantial evidence is proof that 'reasonable persons could accept as adequate . . . to support a conclusion of defendant's guilt beyond a reasonable doubt.'" *State v. Bearup*, 221 Ariz. 163, ¶ 16, 211 P.3d 684, 688 (2009), *quoting State v. Jones*, 125 Ariz. 417, 419, 610 P.2d 51, 53 (1980) (alteration in *Bearup*). Evidence sufficient to support a conviction can be direct or circumstantial. *State v. Pena*, 209 Ariz. 503, ¶ 7, 104 P.3d 873, 875 (App. 2005).

**¶5** A defendant commits armed robbery "if in the course of taking any property of another from his person or immediate presence and against his will, [the defendant] threatens or uses force against any person with intent either to coerce surrender of property or to prevent resistance to [the defendant] taking or retaining property," A.R.S. § 13-1902(A), and the defendant is "armed with a deadly weapon or a simulated deadly weapon," A.R.S. § 13-1904(A)(1).

**¶6** The evidence for the armed robbery alleged in count twenty established that on December 17, A.L., an employee at the Canyon Community Bank saw a man dressed in a black hooded sweatshirt with a handkerchief over his face enter the bank carrying a handgun. He placed the gun in his waistband, approached a teller, the victim in count

1188, 1191 (2011). And, "[a] conviction based on insufficient evidence constitutes fundamental error," which does not require an objection at trial to preserve the issue. *State v. Zinsmeyer*, 222 Ariz. 612, ¶ 27, 218 P.3d 1069, 1080 (App. 2009), *overruled on other grounds by State v. Bonfiglio*, 231 Ariz. 371, 295 P.3d 948 (2013).

twenty, K.M., and demanded money. K.M. testified that Snider had stated "he wouldn't hurt [her] as long as [she] did what he told [her] to do."

¶7        As to count twenty-two, the evidence similarly established that on December 23, Snider entered the Chase Bank shortly before closing, wearing a black hooded sweatshirt, sunglasses, and a scarf covering the lower part of his face. C.A. testified that Snider had first approached her teller window and said he wanted all of the money from her cash drawer.[5] As C.A. was preparing to get money from an automated cash dispenser, K.S., the victim in count twenty-two, "walk[ed] around the corner from the back." Both tellers then dispensed the money and handed it to Snider. When asked if Snider had a weapon, C.A. stated: "Yes. . . . [H]e raised his hoodie . . . and took the gun out and showed it to us." K.S. testified she had not seen Snider lift up his shirt because she "was really nervous" and was focused on "grabbing the money[ and] putting it in the bag." A Marana police officer confronted Snider when he walked out of the bank holding a gun. The officer yelled "drop it" as Snider raised the gun, and the officer "fired several rounds at him." Snider "fled [on foot] into the desert area to the north of the bank" and was apprehended a short time later as he was lying injured under a tree. During a subsequent interview with a police detective, Snider admitted committing the robberies, including the ones alleged in counts twenty and twenty-two.

¶8        On appeal, Snider contends his convictions on counts twenty and twenty-two must be reversed because neither victim "testified that the robber used or threatened

_____

[5]C.A. is the victim of the armed robbery alleged in count twenty-three. Snider does not challenge that conviction on appeal.

5

them with a deadly weapon." However, § 13-1904(A)(1) does not require the use or threatened use of the weapon, only that a defendant is "armed with a deadly weapon" during the commission of the crime. *See State v. Garza Rodriguez*, 164 Ariz. 107, 111, 791 P.2d 633, 637 (1990) ("The weapon . . . need not be displayed by the accused nor seen by the victim to satisfy . . . the armed robbery statute."). There was ample evidence, as noted above, that Snider possessed a handgun during the armed robberies alleged in counts twenty and twenty-two.

¶9        And, to the extent Snider argues the use or threatened use of force must be directed at the victim, we reject this argument as well.[6] A threat "against any person" during the commission of robbery is sufficient to support a conviction. A.R.S. § 13-1902(A); *see also State v. McGuire*, 131 Ariz. 93, 96, 638 P.2d 1339, 1342 (1981). "'Threat' means a verbal or physical menace of imminent physical injury to a person," A.R.S. § 13-1901(4), and "'[f]orce' means any physical act directed against a person as a means of gaining control of property," A.R.S. § 13-1901(1).

¶10       The state presented substantial evidence from which the jury could infer that Snider had used or threatened to use force during the commission of the offenses alleged in counts twenty and twenty-two. As noted above, during both armed robberies, he displayed a handgun, wore a hooded sweatshirt with a scarf or handkerchief over his face, and demanded money from the victims. K.M. testified she had been "[t]errified"

---

[6]For the first time in his reply brief, Snider argues his armed robbery conviction on count twenty-two must be reduced to theft because the evidence was "insufficient to show that force or threatened force was used to obtain the money." He has waived this argument by failing to raise it in his opening brief, and we do not consider it further. *See State v. Larson*, 222 Ariz. 341, ¶ 23, 214 P.3d 429, 434 (App. 2009).

6

when Snider walked into the bank and Snider told her that he would not hurt her if she cooperated. K.S. similarly testified that she had been "scared" during that encounter. We therefore conclude the state presented sufficient evidence to support the armed robbery convictions in counts twenty and twenty-two. *See State v. Stevens*, 184 Ariz. 411, 413, 909 P.2d 478, 480 (App. 1995) (even absent overt threat, jury reasonably could conclude defendant's fear-invoking behavior was directed at coercing surrender of property); *State v. Yarbrough*, 131 Ariz. 70, 73, 638 P.2d 737, 740 (App. 1981) (threat established where defendant entered store wearing stocking over his head, "went behind the counter, squatted down, and with a bag in his right hand demanded that the victim put all the money in the bag").

¶11        Snider also argues for the first time in his reply brief that the allegations of dangerousness for counts twenty and twenty-two must be dismissed "[b]ecause the victim[s] did not see a gun, and a gun was not discharged, used, or threateningly exhibited." Snider has waived this argument by not raising it in his opening brief. *See State v. Larson*, 222 Ariz. 341, ¶ 23, 214 P.3d 429, 434 (App. 2009). And, in any event, it is without merit. A dangerous offense involves "the discharge, use or threatening exhibition of a deadly weapon." A.R.S. § 13-105(13). Although the victims here did not see a firearm, other witnesses testified that Snider had displayed a handgun before demanding money during the commission of these robberies. *See State v. Bice*, 127 Ariz. 312, 315, 620 P.2d 227, 230 (App. 1980) (affirming jury verdict finding assaults of dangerous nature even though gun not on defendant's person, but on dashboard in holster, and victim did not actually see weapon). This was sufficient evidence of Snider's

"use or threatening exhibition of a deadly weapon" while committing the offenses. A.R.S. § 13-105(13). A threat can "be expressed by words, gestures, or actions," *State v. Flynt*, 199 Ariz. 92, ¶ 6, 13 P.3d 1209, 1211 (App. 2000), and "[n]o precise words are necessary," *Bush v. State*, 19 Ariz. 195, 200, 168 P. 508, 510 (1917).

**Imposition of Life Sentences**

¶12 Snider next argues the life terms of imprisonment, imposed by the trial court on counts six through ten and counts twelve through twenty-four, constitute illegal sentences under §§ 13-704(F) and 13-706(A). Snider did not object to his sentences below and, therefore, has forfeited the right to relief for all but fundamental, prejudicial error. *See State v. Henderson*, 210 Ariz. 561, ¶¶ 19-20, 115 P.3d 601, 607 (2005). However, "[i]mposition of an illegal sentence constitutes fundamental error." *State v. Thues*, 203 Ariz. 339, ¶ 4, 54 P.3d 368, 369 (App. 2002).

¶13 We review issues of statutory interpretation de novo. *State v. Christian*, 205 Ariz. 64, ¶ 6, 66 P.3d 1241, 1243 (2003). Here, the state alleged that Snider is "subject to life imprisonment if convicted of three armed robberies[,] . . . aggravated assaults[,] . . . or burglaries i[n] the first degree" pursuant to § 13-706(A). *See* A.R.S. § 13-706(F) (defining crimes warranting enhancement as "serious offenses"). But as Snider correctly points out, § 13-706(A) applies only if the defendant "previously [has] been convicted of two or more serious offenses." "If offenses are consolidated for trial, the conviction on the prior offense cannot precede the conviction for the subsequent offense." *State v. Thompson*, 200 Ariz. 439, ¶ 9, 27 P.3d 796, 798 (2001). The state

8

concedes the error of its original argument to the trial court that life imprisonment was mandatory.

¶14 Because Snider had no prior convictions, the life sentences imposed under § 13-706(A) constitute fundamental, prejudicial error and must be vacated. *See State v. Fernandez*, 216 Ariz. 545, ¶ 32, 169 P.3d 641, 650-51 (App. 2007). Snider should have been sentenced pursuant to § 13-704(F), which provides the proper sentencing scheme for "dangerous offenses . . . that were not committed on the same occasion but that are consolidated for trial purposes."

**Criminal Restitution Order**

¶15 Although Snider has not raised the issue on appeal, we also find fundamental error in the sentencing minute entry, which states "all fines, fees and assessments are reduced to a Criminal Restitution Order [CRO], with no interest, penalties or collection fees to accrue while the defendant is in the Department of Corrections." *See Fernandez*, 216 Ariz. 545, ¶ 32, 169 P.3d at 650-51. "[T]he imposition of a CRO before the defendant's probation or sentence has expired 'constitutes an illegal sentence, which is necessarily fundamental, reversible error.'" *State v. Lopez*, 231 Ariz. 561, ¶ 2, 298 P.3d 909, 910 (App. 2013), *quoting State v. Lewandowski*, 220 Ariz. 531, ¶ 15, 207 P.3d 784, 789 (App. 2009). This is so even when, as here, the trial court delayed the accrual of interest. Nothing in A.R.S. § 13-805, which governs the imposition of CROs, "permits a court to delay or alter the accrual of interest when a CRO is 'recorded and enforced as any civil judgment' pursuant to § 13-805(C)." *Lopez*, 231 Ariz. 561, ¶ 5, 298 P.3d at 910.

**Disposition**

**¶16**     We affirm Snider's convictions, vacate the life sentences under counts six through ten and twelve through twenty-four, vacate the CRO, and remand to the trial court for resentencing in accordance with this decision.


/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge

CONCURRING:

/s/ *Joseph W. Howard*
JOSEPH W. HOWARD, Chief Judge


/s/ *Michael Miller*
MICHAEL MILLER, Judge