NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DAN NGUYEN TRAN, *Appellant*.

Nos. 1 CA-CR 15-0764, 1 CA-CR 15-0856 (Consolidated)
FILED 8-23-2016

Appeal from the Superior Court in Maricopa County
No. CR2014-111181-001
The Honorable Roland J. Steinle, Judge (Retired)

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

Dan Nguyen Tran, Buckeye
*Appellant*

---

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Chief Judge Michael J. Brown joined.

---

**P O R T L E Y**, Judge:

**¶1** This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Defendant Dan Nguyen Tran has advised us that the entire record has been searched, and counsel has been unable to discover any arguable questions of law. As a result, counsel has filed an opening brief requesting us to conduct an *Anders* review of the record. Tran has filed a supplemental brief.

### FACTS[1] AND PROCEDURAL BACKGROUND

**¶2** Tran went to Elite Nail Salon, his former employer, on March 8, 2014 to retrieve his last paycheck. He was approached by the victim, a salon employee, who indicated he wanted to speak to Tran. Tran agreed, and they went outside. The victim told Tran he did not like the fact that Tran quit without proper notice. Tran then shot the victim in the arm and, when victim fell, he shot him in the chest.

**¶3** Tran was indicted for aggravated assault and disorderly conduct. He pled not guilty, and after motion practice and an unsuccessful settlement conference, the case went to trial. After the State presented its evidence, Tran moved for a judgment of acquittal pursuant to the Arizona Rules of Criminal Procedure ("Rule") 20. The court heard the argument and denied the motion.

**¶4** Tran testified on his own behalf, and admitted to shooting the victim twice, claiming self-defense. He testified that the victim, who was taller and stronger, and trained as an Ultimate Fighting Championship (UFC) fighter, started throwing punches at him. Tran became afraid, and used the weapon that he carried with a permit, to shoot the victim. The

---

[1] We view the facts in the light most favorable to sustaining the verdict. *State v. Rienhardt*, 190 Ariz. 579, 588-89, 951 P.2d 454, 463-64 (1997).

jury, after closing argument and jury instructions, convicted Tran of aggravated assault and disorderly conduct. The jury also found, in the aggravation phase, that both offenses were dangerous offenses, and found the State had proven the following aggravating factors: 1) the offense involved infliction or threatened infliction of serious physical injury, 2) infliction caused physical harm, 3) financial harm, and 4) emotional harm.

¶5        Tran was subsequently sentenced to 7.5 years in prison for the aggravated assault and a concurrent term of 2.25 years in prison for disorderly conduct, and given 595 days of presentence incarceration credit. The trial court later ordered him to pay restitution to the victim in the amount of $39,719.36. Tran first appealed his convictions and sentences, and then filed a notice of appeal after the order of restitution. We consolidated the appeals. We have jurisdiction over the appeals pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

### I.

¶6        In his supplemental brief, Tran argues the evidence was insufficient to convict him. He provided a diagram of the scene; his outline of the facts and evidence; a summary of the opening argument; a summary of trial testimony, including perceived deficiencies; a summary of closing arguments; and, after disagreeing with the verdicts and sentences, requested that this court "re-examine the facts/evidence," including parts of the victim's testimony he believes to be untrue. As a result, he argues he was justified in shooting the victim to protect himself.

¶7        We review a challenge to the sufficiency of the evidence supporting a guilty verdict de novo. *State v. Snider*, 233 Ariz. 243, 245, ¶ 4, 311 P.3d 656, 658 (App. 2013) (citation omitted). Appellate courts do not, however, retry cases, nor do we reweigh the evidence. *See State v. Lee*, 189 Ariz. 590, 603, 944 P.2d 1204, 1217 (1997). And we do not substitute our evaluation for that of the trier of fact. *See Castro v. Ballesteros-Suarez*, 222 Ariz. 48, 52, ¶ 11, 213 P.3d 197, 201 (App. 2009). We review the evidence to determine if there was substantial evidence to support the verdict, *Lee,* 189 Ariz. at 603, 944 P.2d at 1217 (citation omitted), given that the finder of fact has to determine, as instructed, credibility of the witness, the weight to be given to the evidence and determine the facts in order to assess whether the State proved its case beyond a reasonable doubt. *See State v. Estrada*, 209 Ariz. 287, 292, ¶ 22, 100 P.3d 452, 457 (App. 2004).

¶8        Sufficient evidence for a conviction is proof that a reasonable person could accept as adequate and sufficient to support a conclusion that a defendant is guilty beyond a reasonable doubt. *State v. Barger*, 167 Ariz. 563, 568, 810 P.2d 191, 196 (App. 1990); *see also State v. Jones,* 125 Ariz. 417, 419, 610 P.2d 51, 53 (1989). Here, the evidence, as recited, ¶¶ 2-4, *supra*, is substantial and sufficient to sustain the verdicts. There is no doubt that Tran shot the victim, once while he was standing and the other time when he was on the ground.   The question, however, was whether Tran was protecting himself and had justification for using deadly force against the victim.  The jury listened to the testimony, reviewed the evidence, and had to decide whether there was any justification for the shooting.  The jury resolved the evidence, albeit against Tran, and we find no reversible error.

## II.

¶9        We have read and considered the opening brief.  We have searched the entire record for reversible error.  The record reveals that Tran was represented by counsel at all stages of the proceedings.  The record further reveals the presence of a Vietnamese interpreter at all stages of the proceedings. And all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.

¶10        Before trial, a Rule 11 motion was filed, and granted, to evaluate Tran's competence.  After Tran was evaluated by psychologists, the parties stipulated to the reports, and the court found him competent to stand trial.

¶11        A jury was selected and we find no improprieties in the selection or empaneling of the eight jurors and three alternates. The jury, as the finder of fact, had to resolve whether Tran committed aggravated assault and disorderly conduct beyond a reasonable doubt, or whether he was justified in shooting the victim in an act of self-defense. *See State v. Piatt*, 132 Ariz. 145, 150-51, 644 P.2d 881, 886-87 (1981) (stating the jury has the discretion to determine the credibility of witnesses and to evaluate the weight and sufficiency of the evidence).

¶12        Before closing argument, and while the trial judge and lawyers were resolving final jury instructions, Tran's lawyer suggested that disorderly conduct was a lesser included crime of aggravated assault.  The court disagreed that it was a lesser included offense of aggravated assault with injury, but gave counsel the opportunity to provide support for such a lesser included offense.  The instructions were finalized, and no lesser included offense instruction was given.

**¶13**        The jury was properly instructed, and the court included the justification of self-defense and use of deadly force.  Additionally, during the aggravation phase, the jury was properly instructed.  And our review finds that the final instructions, and aggravation phase instructions, correctly stated the law and covered all relevant areas to ensure that the jury had the information needed to arrive at a legally correct decision.  *See State ex rel. Thomas v. Granville*, 211 Ariz. 468, 471, ¶ 8, 123 P.3d 662, 665 (2005).

**¶14**        Finally, Tran's sentences were within the statutory limits, given the aggravating factors found by the jury.  *See Leon*, 104 Ariz. at 300, 451 P.2d at 881.  Accordingly, we find no reversible error.

### III.

**¶15**        After this decision is filed, counsel's obligation to represent Tran in this appeal has ended.  Counsel must only inform Tran of the status of the appeal and his future options, unless counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).  Tran may, if desired, file a motion for reconsideration or petition for review pursuant to the Arizona Rules of Criminal Procedure.

### CONCLUSION

**¶16**        Accordingly, we affirm Tran's convictions and sentences.



Amy M. Wood • Clerk of the court
FILED:  AA