NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

DANIEL DAVITT, *Appellant.*

No. 1 CA-CR 23-0217

FILED 08-01-2024

---

Appeal from the Superior Court in Maricopa County
No. CR2020-001161-001
The Honorable Chuck Whitehead, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Tucson
By Diane Leigh Hunt
*Counsel for Appellee*

Law Office of Stephen M. Johnson, Phoenix
By Stephen M. Johnson
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Vice Chief Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge Michael S. Catlett and Judge Jennifer M. Perkins joined.

---

**H O W E**, Judge:

**¶1**　　　　Daniel Davitt appeals his manslaughter conviction and sentence. We affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2**　　　　Davitt is serving a life and additional sentences for multiple felony counts at Lower Buckeye Jail in Phoenix. One morning in October 2019, Davitt drafted a complaint alleging that one of the jail guards, Blaine,[1] had watched him while he was using the restroom earlier that morning. Minutes later, Davitt handed the papers to a health technician, whom Blaine was escorting to perform medical tasks on another inmate. The technician claimed that he was not authorized to receive complaints from inmates. Blaine then asked for and took the papers from the technician. Davitt became agitated and slammed Blaine to the ground. Blaine died the next day. Davitt was indicted on one count of second-degree murder, a Class 1 felony.

**¶3**　　　　Before trial, the State moved to preclude evidence of complaints that Davitt had made against Blaine before the October altercation. These complaints alleged that Blaine had inappropriately watched while Davitt was using the restroom and had improperly taken his possessions. Davitt objected that preclusion would prejudice him. The State then asked the court to admit evidence of Davitt's complaints against Blaine but instruct the jury that the evidence was not to be used for any other purpose but to show Davitt's possible motive and his state of mind at the time of the altercation. Davitt objected to the evidence being used to show motive, but the court granted the State's motion.

**¶4**　　　　During the trial, Davitt testified in detail about the complaints he had made against Blaine but stated that he did not want to go into details

---

[1]　　　　We use a pseudonym to protect the victim's privacy.

about the complaints other inmates had made against Blaine because "they were for the most part petty complaints." Davitt also testified that he acted recklessly in killing Blaine. The State later sought to admit seven photographs that showed Blaine's head injury. Davitt objected to admitting four of the photographs that showed Blaine's skull and brain injuries, alleging they were highly prejudicial and irrelevant because the injury was not disputed. The court admitted the four photographs, finding them relevant. Although "somewhat gruesome," the court found that any prejudicial effect did not substantially outweigh their probative value. It stated that the photographs "would lead the jury to possibly understand the extent of the injuries more fully with the testimony of the medical examiner."

**¶5** The jury found Davitt guilty of the lesser included offense of manslaughter. The court found that the aggravating factors—the serious physical injury to the victim and the effect of the offense on Blaine's wife, family, and community—outweighed the mitigating factors—Davitt's remorse for his actions and age. The court sentenced Davitt to a term of 33 years' imprisonment. Davitt timely appealed. This court has jurisdiction. A.R.S. §§ 12–120.21(A)(1), 13–4031, and –4033(A).

## DISCUSSION

**¶6** Davitt argues that the trial court erred in admitting the four photographs that depicted Blaine's head injury because the manner of death was not disputed and they were gruesome, which Davitt contends inflamed the jury. This court reviews evidentiary rulings for an abuse of discretion, *State v. Payne*, 233 Ariz. 484, 519 ¶ 160 (2013), deferring to the trial court's assessment of relevance and unfair prejudice, *State v. Smith*, 215 Ariz. 221, 232 ¶ 48 (2007) (citations omitted). Gruesome photographs may be admitted into evidence if they have "probative value apart from merely illustrating the atrociousness of the crime." *State v. Poland*, 144 Ariz. 388, 401 (1985). "This is true notwithstanding the fact that neither the identity of the victim nor the manner of death are disputed." *Id.*

**¶7** The four photographs here were relevant and not unduly prejudicial. Because the photographs showed Blaine's skull and brain injuries, they provided information about the manner of death or otherwise corroborated the State's case. *See State v. Morris*, 215 Ariz. 324, 339 ¶¶ 70–71 (2007) (holding that the trial court properly admitted photographs showing the victim's hands and feet because they were relevant to show "manner of death or otherwise corroborate the State's case"). The trial court analyzed each photograph and determined that any prejudicial effect did not

substantially outweigh the probative value, finding that the photographs would aid the jury in understanding the extent of the injuries. Moreover, Davitt was found guilty of the lesser included charge of manslaughter, which further weakens Davitt's argument that the photographs inflamed the jury. On this record, the court did not abuse its discretion in admitting the photographs.

¶8      Davitt also argues that the trial court erred in limiting him from testifying in detail about the complaints he and other inmates had made against Blaine. But the record does not show that the court limited Davitt from presenting evidence of complaints against Blaine. Instead, the record shows that the court admitted such evidence because Davitt testified at length about the complaints he had made against Blaine and chose not to testify about the complaints others had made against Blaine. The court also instructed the jury to use the evidence only to determine possible motive and Davitt's state of mind at the time of the altercation. At trial, Davitt objected to the evidence being admitted to show motive. But he does not argue the same in his opening brief and has thus waived the argument. *See State v. Snider*, 233 Ariz. 243, 247 ¶ 11 (App. 2013). In any event, the jury, in line with Davitt's testimony that he acted recklessly in killing Blaine, found him guilty of the lesser included charge of manslaughter. We discern no error.

**CONCLUSION**

¶9      We affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AGFV