88 P.3d 180

**STATE of Arizona, Petitioner–Appellee,**

v.

**Scott Allison OPPIDO, Respondent, Real Party In Interest–Appellant.**

**No. 1 CA–CV 03–0620.**

Court of Appeals of Arizona,
Division 1, Department B.

April 20, 2004.

Neal W. Bassett, Phoenix, Attorney for Respondent, Real Party In Interest–Appellant.

Thomas A. Zaworski, Chandler City Prosecutor By Maria C. Brewer, Chandler, Attorneys for Petitioner–Appellee.

**OPINION**

BARKER, Judge.

¶ 1 Does the requirement to spend at least fifteen consecutive days in jail before being

eligible for home detention apply to a person whose sentence for extreme driving under the influence ("Extreme DUI") has been suspended pursuant to Arizona Revised Statutes ("A.R.S.") section 28–1382(E) (Supp.2003)? Based on the statutory language, we hold that it does.

### Factual and Procedural Background

¶ 2 Scott Oppido ("appellant") pled guilty to Extreme DUI in Chandler City Court. He was sentenced pursuant to A.R.S. § 28–1382(D) to serve thirty days in jail, with twenty days suspended pursuant to A.R.S. § 28–1382(E). Appellant requested that he be allowed to spend two days in jail and serve the rest of the sentence in home detention, pursuant to A.R.S. § 9–499.07 (Supp. 2003). The state objected, arguing that the statute did not permit this result. The city court granted appellant's request to serve the last eight days of the non-suspended jail term in home detention. The city court held that appellant was being sentenced under A.R.S. § 28–1382(E), as contrasted with subsection (D). Accordingly, it found that the provisions of A.R.S. § 9–499.07(N)(3), requiring someone sentenced pursuant to subsection (D) to serve at least fifteen consecutive days in jail before being eligible for home detention, did not apply.

¶ 3 The state filed a special action in the superior court, arguing that the city court misinterpreted the statutes. The superior court accepted jurisdiction and granted relief. It issued an order remanding this matter to the city court for resentencing. In doing so, the superior court determined that "sentencing for an Extreme DUI must be made pursuant to A.R.S. § 28–1382(D) *and* (E). It is not possible to separate the two provisions, for they must be read in conjunction with each other." Appellant then filed a timely notice of appeal. We have jurisdiction pursuant to A.R.S. § 12–2101(B) and Arizona Rules of Procedure for Special Actions 8(a).

### Discussion

¶ 4 The only issue raised in this appeal is whether appellant was eligible for home detention under A.R.S. § 9–499.07. When construing a statute, "we first look to the language of the statute itself." *Scottsdale Healthcare, Inc. v. Ariz. Healthcare Cost Containment Sys. Admin.*, 206 Ariz. 1, 5, ¶ 10, 75 P.3d 91, 95 (2003) (citing *Zamora v. Reinstein*, 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996)).

¶ 5 A.R.S. § 9–499.07(N)(3) states that to be eligible for home detention a person must meet certain requirements. Those include first serving "a minimum of fifteen consecutive days in jail before being placed under home detention" if the person "is sentenced under ... § 28–1382, subsection D or F." *Id.* Subsection (E) is not referenced in the home detention statute. The key question in this case then becomes whether appellant was sentenced under subsection (D) or solely under subsection (E) of the Extreme DUI statute, A.R.S. § 28–1382. As discussed below, under the plain language of the pertinent statutory provisions, appellant was *sentenced* under subsection (D), with a portion of that sentence available for *suspension* under subsection (E).

¶ 6 According to A.R.S. § 28–1382(D)(1), a person convicted of violating the section shall, among other things, "be sentenced to serve not less than thirty consecutive days in jail and is not eligible for probation or suspension of execution of sentence unless the entire sentence is served." Immediately following that, subsection (E) states that "[n]otwithstanding subsection D, paragraph 1 of this section, at the time of sentencing the judge may suspend all but ten days of *the sentence* if the person completes a court ordered alcohol or other drug screening, education or treatment program." A.R.S. § 1282(E) (emphasis added).

¶ 7 In this case, appellant contends that he was sentenced to ten days' jail according to subsection (E) while the state contends that he was sentenced to thirty days' jail under subsection (D) with twenty days of the sentence suspended under subsection (E). The state's interpretation is correct. "[T]he sentence" referred to in subsection (E) is the thirty-day sentence required by subsection (D). A person cannot be sentenced to ten days' jail under the statute; he may only be sentenced to thirty days' jail under subsection (D) and then have twenty days of that

sentence suspended pursuant to subsection (E) if he completes a treatment program.

¶ 8 The remaining portion of subsection (E) makes this even more clear. It states that "[i]f the person fails to complete the court ordered alcohol or other drug screening, education or treatment program and has not been placed on probation, the court shall issue an order to show cause to the defendant as to why *the remaining jail sentence* should not be served." A.R.S. § 28–1382(E) (emphasis added). The sentence given is for thirty days, not for ten days as appellant urges.

¶ 9 In sum, for a person sentenced pursuant to A.R.S. § 28–1382(D) the judge may suspend all but ten days of that sentence pursuant to A.R.S. § 28–1382(E). However, any *suspension* of sentence made according to subsection (E) does not change the fact that the person was *sentenced* under subsection (D). Thus, a suspension of sentence under subsection (E) does not remove the person from the eligibility requirements of A.R.S. § 9–499.07(N)(3), which expressly pertain to subsection (D).

¶ 10 Because appellant was sentenced pursuant to A.R.S. § 28–1382(D), he was not eligible for home detention until he first served a minimum of fifteen consecutive days in jail as provided in A.R.S. § 9–499.07(N)(3). The city court's sentence, allowing for home detention after two days' jail, was accordingly in error. The superior court was correct in so declaring.

### Conclusion

¶ 11 For the foregoing reasons, we affirm the superior court's order.

CONCURRING: PATRICK IRVINE, Presiding Judge and JAMES B. SULT, Judge.