333 P.3d 750

Max William BOURNE; Karissa M. Rowland; Jose L. Simental–Fuentes; Jorge Garcia–Fraijo, Petitioners,

v.

The Honorable Crane McCLENNEN, Judge of the Superior Court of the State of Arizona, in and for the COUNTY OF MARICOPA, Respondent Judge,

State of Arizona, by and through the Phoenix City Prosecutor, Real Party in Interest.

No. 1 CA–SA 14–0101.

Court of Appeals of Arizona, Division 1.

July 31, 2014.

Michael J. Dew, Attorney at Law, By Michael J. Dew, Phoenix, Counsel for Petitioners.

Phoenix City Prosecutor's Office, By Gary L. Shupe, Phoenix, Counsel for Real Party in Interest.

Judge PATRICIA K. NORRIS delivered the opinion of the Court, in which Acting Presiding Judge MAURICE PORTLEY and Judge ANDREW W. GOULD joined.

## OPINION

NORRIS, Judge.

¶ 1 By statute, a court must sentence a person convicted of a first violation of ex-

treme driving under the influence ("DUI") to jail for, depending on the alcohol concentration, not less than 30 or 45 days. Ariz.Rev. Stat. ("A.R.S.") § 28–1382 (2012). A court may, however, suspend a portion of the jail sentence if the person installs an ignition interlock device on any motor vehicle he or she drives. A.R.S. § 28–1382(I). And, by statute, a court may permit a person sentenced for extreme DUI to participate in a home detention program established by a city or town if the person first serves a minimum of 20% of the "initial term of incarceration in jail" before being placed in home detention. A.R.S. § 9–499.07(N)(3) (Supp. 2013).

¶ 2 The issue in this special action is whether the "initial term of incarceration in jail" for home detention refers to the actual jail time imposed by the court at the time of sentencing if its suspends a portion of the jail sentence or to the entire jail sentence ordered by the court before any suspension. Based on the plain language of the applicable statutes, we hold the "initial term of incarceration in jail" refers to the actual jail time imposed by the court at the time of sentencing if it suspends a portion of the jail sentence.

### FACTS AND PROCEDURAL BACKGROUND

¶ 3 The Phoenix Municipal Court convicted Petitioners Max William Bourne, Karissa M. Rowland, and Jose L. Simental–Fuentes ("(A)(1) Petitioners") of extreme DUI under A.R.S. § 28–1382(A)(1) (alcohol concentration of 0.15 or more but less than 0.20 under specified conditions). The municipal court also convicted Jorge Garcia–Fraijo ("(A)(2) Petitioner") of what we refer to in this opinion as "super-extreme" DUI under A.R.S. § 28–1382(A)(2) (alcohol concentration of 0.20 or more under specified conditions).

¶ 4 Under A.R.S. § 28–1382(D)(1), a person convicted of a first violation of extreme DUI must be sentenced to serve not less than 30 consecutive days in jail and a person convicted of a first violation of super-extreme

DUI must be sentenced to serve not less than 45 consecutive days in jail. The municipal court sentenced the (A)(1) Petitioners and the (A)(2) Petitioner to serve the statutory minimum sentences, 30 or 45 days in jail, respectively, and ordered each Petitioner to install an ignition interlock device in his or her motor vehicle. But, as authorized by A.R.S. § 28–1382(I), the court suspended all but nine days of the 30–day jail sentence for the (A)(1) Petitioners and all but 14 days of the 45–day jail sentence for the (A)(2) Petitioner. Then, pursuant to A.R.S. § 9–499.07(N)(3), the municipal court authorized each Petitioner to participate in the home detention program established by the City of Phoenix. Section 9–499.07(A) (Supp.2013) authorizes a city or town to establish a home detention program, "which shall be treated the same as confinement in jail." A person convicted of extreme or super-extreme DUI and sentenced to jail under A.R.S. § 28–1382 may participate in such a program if he or she meets certain eligibility requirements, including having first served "a minimum of twenty per cent of the initial term of incarceration in jail." A.R.S. § 9–499.07(N)(3) ("home detention provision").

¶ 5 Construing "initial term of incarceration in jail" in the home detention provision to be the actual time it had sentenced each Petitioner to serve in jail (that is, nine days for the (A)(1) Petitioners and 14 days for the (A)(2) Petitioner), the municipal court ordered the (A)(1) Petitioners to serve two days in jail (20% of nine days, rounded) and seven days of home detention and the (A)(2) Petitioner to serve three days in jail (20% of 14 days, rounded) and 11 days of home detention.

¶ 6 The State appealed[1] to the superior court, arguing "initial term of incarceration in jail" as used in the home detention provision referred to the entire jail sentence of 30 or 45 days before any suspension of sentence. Thus, according to the State, the municipal court should have ordered the (A)(1) Petitioners and (A)(2) Petitioner to serve six and nine days in jail, respectively. The superior

---

**1.** *See* A.R.S. § 13–4032(5) (2010) (authorizing state to appeal sentence on "grounds that it is illegal").

court agreed with the State. Petitioners then filed this special action.

## JURISDICTION

■ ¶ 7 In the exercise of our discretion, we accept special action jurisdiction. Petitioners have no remedy by appeal, *see* A.R.S. § 22–375(B) (2013); Ariz. R.P. Spec. Act. 1(a), and this special action presents an issue of statutory construction—a pure question of law—that, based on the record before us, has arisen often, has been the subject of conflicting rulings, *see Guthrie v. Jones,* 202 Ariz. 273, 274, ¶ 4, 43 P.3d 601, 602 (App.2002), and is subject to our de novo review, *see State ex rel. Montgomery v. Harris,* 234 Ariz. 343, 344, ¶ 8, 322 P.3d 160, 161 (2014).

## DISCUSSION

¶ 8 As relevant here, A.R.S. § 9–499.07(N) (Supp.2013), reads as follows:

> N.  If the city or town establishes a home detention or continuous alcohol monitoring program under subsection L or M of this section, a prisoner must meet the following eligibility requirements for the program:
>
> . . . .
>
> 2.  If the prisoner is sentenced under § 28–1381, subsection I, the prisoner first serves a minimum of one day in jail.
>
> 3.  Notwithstanding § 28–1387, subsection C, if the prisoner is sentenced under § 28–1381, subsection K or § 28–1382, subsection D or E, the prisoner first serves a minimum of twenty per cent of the *initial term of incarceration in jail* before being placed under home detention or continuous alcohol monitoring.
>
> . . . .

(Emphasis added.)

¶ 9 Neither Arizona statutes nor Arizona case law define the phrase "initial term of incarceration in jail" as used in the home detention provision.  When a term is not defined in a statute, we will look first to the statute's language to determine legislative intent, as the language is "the best and most reliable index of a statute's meaning." *State v. Williams,* 175 Ariz. 98, 100, 854 P.2d at 131, 133 (1993) (quoting *Janson v. Christen-*

*sen,* 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991) (internal quotation marks omitted)). We will also "assign[ ] each word its 'natural, obvious, and ordinary meaning,'" *Fields v. Elected Officials' Ret. Plan,* 234 Ariz. 214, 219, ¶ 19, 320 P.3d 1160, 1165 (2014) (quoting *State ex rel. Morrison v. Nabours,* 79 Ariz. 240, 245, 286 P.2d 752, 755 (1955)); *see also* A.R.S. § 1–213 (2002), and construe the statute so that "no part is rendered void, superfluous, contradictory or insignificant," *State v. Windsor,* 224 Ariz. 103, 104, ¶ 6, 227 P.3d 864, 865 (App.2010) (quoting *State v. Larson,* 222 Ariz. 341, 344, ¶ 14, 214 P.3d 429, 432 (App.2009)) (internal quotation mark omitted).  And, we may determine the ordinary meaning of a word by referring to "established and widely used dictionaries." *Fields,* 234 Ariz. at 219, ¶ 20, 320 P.3d at 1165 (citing *State v. Wise,* 137 Ariz. 468, 470 n. 3, 671 P.2d 909, 911 n. 3 (1983)).

¶ 10 "Initial" is defined as "[o]f, relating to, or occurring at the beginning; first," *The American Heritage Dictionary* 902 (4th ed.2006), and "term" is defined as a "limited period of time" or a "period of time that is assigned to a person to serve," *id.* at 1785. "Incarceration" is defined as "[t]he act or process of confining someone," *Black's Law Dictionary* 775 (8th ed.2004), and is synonymous with "imprisonment," *see id.; The American Heritage Dictionary* 885 (defining "incarcerate" as "[t]o put into jail").  As used in the home detention provision, "initial" is a relative term that modifies "term of incarceration in jail."  This phrasing allows for another or subsequent period of time of confinement or imprisonment.  Such a situation would occur if, for example, the person who received a suspended sentence under A.R.S. § 28–1382(I) failed to comply with ignition interlock device requirements.  In that situation, and unless the person has been placed on probation, A.R.S. § 28–1382(I) requires a court to "issue an order to show cause as to why the remaining jail sentence should not be served."

■ ¶ 11 Thus, based on the ordinary meaning of the words "initial," "term," and "incarceration," the ordering of these words, and the authority of the court to require a person to serve "the remaining jail sentence"

for non-compliance with ignition interlock device requirements, "initial term of incarceration in jail" refers to the actual jail time a court imposes at the time of sentencing and does not include any portion of the jail sentence suspended by the court. As Petitioners argue, this is the initial jail time ordered by the court when it suspends a portion of the jail sentence imposed pursuant to A.R.S. § 28–1382(D).

¶ 12 The State argues this construction of the home detention provision is "absurd" because A.R.S. § 28–1382 does not authorize a court to suspend a sentence for a conviction under A.R.S. § 28–1382(E) and thus, there cannot be an "initial term of incarceration in jail" in this situation. Section 28–1382(E) requires a court to impose not less than 120 days in jail (of which 60 days must be served consecutively) or 180 days in jail (of which 90 days must be served consecutively) when, under certain circumstances, a person has been convicted of extreme or super-extreme DUI, respectively.[2] Although, as the State points out, A.R.S. § 28–1382 does not authorize a court to suspend a sentence when a person is convicted under A.R.S. § 28–1382(E), as discussed above, the word "initial" modifies the phrase "term of incarceration in jail" and *allows* for another or subsequent limited period of time of confinement or imprisonment. An "initial term of incarceration in jail" does not, however, *require* another or subsequent period of time of confinement or imprisonment. Accordingly, when a person is sentenced under A.R.S. § 28–1382(E), the "initial term of incarceration in jail" is the entire actual jail sentence, either 120 or 180 days.

¶ 13 The State also argues that because the home detention provision refers to A.R.S. § 28–1382(D) but not A.R.S. § 28–1382(I)– the provision allowing a court to suspend all but nine or 14 days of a person's sentence for extreme or super-extreme DUI, respectively—"initial term of incarceration in jail" must refer to the entire jail sentence imposed under A.R.S. § 28–1382(D). We disagree. The reference to A.R.S. § 28–1382(D) (and, for that matter, to A.R.S. § 28–1382(E)) in the

home detention provision simply triggers the requirement that a person sentenced under either statute must first serve a minimum of 20% of the "initial term of incarceration in jail." The reference does not, however, either define or describe "initial term of incarceration in jail."

¶ 14 Finally, the State argues this court's opinion in *State v. Oppido*, 207 Ariz. 466, 88 P.3d 180 (App.2004), supports its argument "initial term of incarceration in jail" refers to the entire jail sentence ordered by the court before any suspension. We disagree.

¶ 15 In *Oppido*, the municipal court sentenced the defendant to 30 days in jail for extreme DUI, with 20 days suspended pursuant to A.R.S. § 28–1382, which then authorized a court to suspend all but ten days of the sentence. *Id.* at 467, ¶ 2, 88 P.3d at 181. The court authorized the defendant to serve eight of the ten days in home detention. *Id.* At that time, however, the home detention provision required a person sentenced for extreme DUI to first serve a minimum of 15 consecutive days in jail before becoming eligible for home detention. 2011 Ariz. Sess. Laws, ch. 341, § 2 (1st Reg.Sess.). Applying the statutory language then in effect, we held the defendant was not eligible for home detention until he had first served 15 consecutive days in jail because suspension of a sentence for extreme DUI as allowed by A.R.S. § 28–1382 did not "remove" the 15 days in jail eligibility requirement of the home detention provision. *Id.* at 468, ¶ ¶ 9–10, 88 P.3d at 182.

¶ 16 *Oppido* is inapplicable here. The version of the home detention provision in effect when that defendant was convicted required a person to serve a minimum of 15 consecutive days in jail before becoming eligible for home detention. In 2011, the Legislature amended the home detention statute and adopted the 20% of the "initial term of incarceration in jail" formula. 2011 Ariz. Sess. Laws, ch. 341, § 2 (1st Reg.Sess.). Under this amended statutory formulation, *Oppido* is no longer relevant.

**2.** For example, A.R.S. § 28–1382(E) apples if a person is convicted of a second extreme or su-

per-extreme DUI within 84 months of a prior extreme or super-extreme DUI conviction.

¶ 17 In summary, we hold the phrase "initial term of incarceration in jail" in the home detention provision, A.R.S. § 9–499.07(N)(3), refers to the actual jail time imposed by the court at the time of sentencing if, as authorized by A.R.S. § 28–1382(I), the court suspends a portion of the jail sentence for a person convicted of extreme or super-extreme DUI under A.R.S. § 28–1382(D).

## CONCLUSION

¶ 18 For the foregoing reasons, we accept jurisdiction, grant relief, vacate the orders of the superior court, and affirm the sentences imposed by the municipal court.